■ In the Matter of the Estate of JOHN J. O'LEARY, SR., Deceased. JOHN J. O'LEARY, JR., Respondent; GLENS FALLS INSURANCE COMPANY, Appellant.—Harvey, J.

Petitioner was the beneficiary of a fund in the approximate amount of $28,000 while he was still legally an infant. His widowed mother was appointed guardian by Surrogate's Court. Joint administration of the guardianship account with Surrogate's Court was dispensed with upon the filing of a bond issued by respondent, Glens Falls Insurance Company. The fund was dissipated during petitioner's infancy by the guardian's repeated payments of money to petitioner for apparently unnecessary purchases. Petitioner sought relief against the bonding company for his mother's indiscretion and moved for summary judgment, which was granted.

Respondent admits that the guardian breached her fiduciary duties by withdrawing guardianship assets over a one-year period without court approval. The only issue on appeal is respondent's contention that petitioner should be estopped from collecting on the bond because he, during his infancy, was the beneficiary of the improvident spending of his guardian.

To the extent that estoppel is sought to be used to defeat protection statutorily afforded an infant, it is rarely if ever applied *(International Text Book Co. v Connelly,* 206 NY 188, 196; 28 NY Jur, Infants, § 6, at 224 [1963]). The Legislature has provided for guardians to be appointed in certain circumstances to safely keep the property of an infant and to make sure that the property is not wasted *(see,* Domestic Relations Law § 83). Further, the Legislature has severely limited the uses to which an infant's property may be put before he attains majority, including requiring court approval before

any property may even be used to support the infant (SCPA 1713; *see,* Domestic Relations Law § 85; EPTL 11-2.2). Where a bond is posted, the same restrictions apply, but the control of the money is left solely to the guardian (SCPA 1708). Thus, the Legislature has seen fit to protect infants from improvident spending by requiring court control over their property or the posting of a bond.

Here, respondent posted a bond which released control of the property of decedent's estate to petitioner's mother as guardian. Respondent, therefore, accepted the risk that she might misuse the guardianship assets and that she would not obtain court approval for unauthorized uses of the funds. The risk included the chance that petitioner's mother would allow petitioner to dissipate the estate. To allow respondent to assert estoppel against petitioner would defeat one of the major purposes in requiring a bond. Hence, we conclude that the order appealed from must be affirmed.

Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.