(November 10, 1987)

■ In the Matter of the Estate of THELMA O'LEARY, Deceased. JOHN J. O'LEARY, JR., Respondent; GLENS FALLS INSURANCE COMPANY, Appellant.—Harvey, J. Appeal from an order and decree of the Surrogate's Court of Warren County (Moynihan, Jr., S.), entered September 4, 1986, which upheld petitioner's objections and set respondent's liability at the full amount of the surety bond which respondent had issued on behalf of petitioner's guardian.

The relevant facts of this case were previously summarized by this court as follows: "Petitioner was the beneficiary of a fund in the approximate amount of $28,000 while he was still legally an infant. His widowed mother was appointed guardian by Surrogate's Court. Joint administration of the guardianship account with Surrogate's Court was dispensed with upon the filing of a [$30,000] bond issued by respondent, Glens Falls Insurance Company. The fund was dissipated during petitioner's infancy by the guardian's repeated payments of money to petitioner for apparently unnecessary purchases. Petitioner sought relief against the bonding company for his mother's indiscretion and moved for summary judgment, which was granted" (124 AD2d 915).

This court affirmed the summary judgment order of Surrogate's Court (supra), leaving only an issue as to damages. After providing for interest which would have been earned on the estate if the principal had been invested properly (see, EPTL 11-2.2), Surrogate's Court concluded that the surcharge against the estate of petitioner's mother clearly exceeded the $30,000 surety bond issued by respondent. The court thus fixed liability in the full amount of the bond. Respondent appeals.

Respondent contends that the expenditures from the estate were made in order to provide for the support, care and maintenance of petitioner. Respondent thus reasons that liability should not have been fixed in the full amount of the bond. A review of the record, however, clearly reflects that the vast majority of expenditures were superfluous. When this matter was before the court on the first appeal, respondent stated in a memorandum opposing petitioner's summary judgment motion, "The sole issue is whether a 17-year-old who has

persuaded his guardian to let him squander nearly $30,000 in less than one year should be able to recover the same sum three years later from his guardian's surety." We concluded that it was a breach of the fiduciary duty of petitioner's mother. We find that the record fully supports Surrogate's Court determination to assess liability in the full amount of the bond.

Respondent's attempt to advance an estoppel argument is precluded by the law of the case doctrine since that argument was considered and rejected by this court in respondent's previous appeal *(see,* 124 AD2d 915, *supra).*

Order and decree affirmed, with costs. Mahoney, P. J., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.