■ In the Matter of ACRES STORAGE COMPANY, INC., Petitioner, v RODERICK CHU, as Commissioner of the State Tax Commission, et al., Respondents.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Tax Commission which partially sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

On a prior appeal in this proceeding (120 AD2d 854, *appeal dismissed* 68 NY2d 807), this court remitted the matter to the State Tax Commission for an appropriate calculation of petitioner's personal liability, inasmuch as the record was not altogether clear as to either the value of the assets transferred or the amount that Shepard Levine and Stanley Nordheimer actually paid *(supra,* at 856-857). In its memorandum, this court expressly noted that "it is quite clear that the transaction between [Adam and Oscar Calderone] and the Levine/Nordheimer partnership constituted a 'bulk sale' within the context of [Tax Law § 1141 (c)]" *(supra,* at 856). This court further stated: "The statute makes a purchaser at a 'bulk sale' secondarily responsible for 'any such taxes' due from the seller *(see, Matter of Higgins & McLaughlin v New York State Tax Commn.,* 109 AD2d 1029). The statute is not so narrowly written as to focus responsibility solely on the *immediate* purchaser who has failed to notify the Tax Commission of the bulk sale, and we decline to impose such a limitation. Since the transfer from Levine and Nordheimer to petitioner constituted a bulk sale in itself, petitioner became responsible for the taxes due from Levine and Nordheimer, including the assessments attributable to the Calderones' service station, Calga Service Center" *(supra,* at 856 [emphasis in original]).

Upon remittal, petitioner waived its right to have another hearing and requested that the Tax Commission render a determination based upon the entire record. The Tax Commission determined that Levine and Nordheimer "paid the Calderones $65,000.00 for certain assets, consisting of the Calderones' right to continue their lease with Gulf [Oil Corporation],

for which the partnership paid $64,000.00, and items of tangible personal property, for .which it paid $1,000.00". It was further determined that the market value of the assets assigned to petitioner can be measured by the price Levine and Nordheimer paid the Calderones for those same assets— $65,000. Thus, the Tax Commission held that petitioner's personal liability for taxes is statutorily limited to $65,000, which is the higher of the purchase price or fair market value of the assets assigned to petitioner.

In this proceeding, petitioner seeks to attack the propriety of the audit method used by the Tax Commission, the characterization of the transaction as a bulk sale and extension of tax liability beyond the immediate purchaser. These issues were decided by this court when the matter was previously before us and are not again reviewable under the doctrine of the law of the case (see, Locilento v Coleman Catholic High School, 134 AD2d 39, 43; Matter of O'Leary, 134 AD2d 700, 701).

Therefore, the only issue left to be resolved is whether the Tax Commission's determination, which set the limit on petitioner's liability at $65,000, was supported by substantial evidence. In our view, the Tax Commission properly determined that $65,000, the price Levine and Nordheimer concededly paid to the Calderones to surrender the same lease in an almost concurrent arm's length transaction, was a reasonable fair market value to assign to the business assets which Levine and Nordheimer assigned to petitioner. The determination of the Tax Commission being supported by substantial evidence, it must be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.