■ In the Matter of the Claim of JANICE STARUCH, Appellant, v NEW YORK TELEPHONE COMPANY, Respondent. WORKERS'

COMPENSATION BOARD, Respondent. (And 974 Other Related Claims.) [716 NYS2d 783] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed August 26, 1998, which ruled, *inter alia*, that the employer was entitled to full reimbursement for certain benefits paid.

Claimant, an employee of New York Telephone Company (hereinafter the Company), injured her foot while playing in a Company-sponsored softball game. As a result, she was unable to work from April 28, 1992 until June 10, 1992 and the Company—a self-insured employer—voluntarily paid her benefits at her full salary during that period as encouraged by Workers' Compensation Law § 25 (4) (*see also*, Workers' Compensation Law § 14). Those benefits amounted to $780 per week, comprised of $350 from workers' compensation benefits and $430 from the Company's employee welfare benefit plan qualified under the Employee Retirement Income Security Act of 1974 (29 USC § 1001 *et seq.* [hereinafter ERISA]). Pursuant to Workers' Compensation Law § 25, the Company promptly filed a request for credit of the benefits paid—including the moneys paid from the ERISA welfare plan—against any future workers' compensation award made to claimant.

On April 11, 1994 following a hearing at which a physician testified that claimant had suffered a permanent 5% loss in the use of her foot, claimant received a schedule award based on 10¼ weeks of reduced earnings (*see*, Workers' Compensation Law § 15 [3]). Additionally, the Workers' Compensation Judge sustained the Company's claim to a full credit of the prior benefits paid against the schedule award. Claimant appealed, challenging the determination only insofar as it permitted the Company to recoup that portion of the benefits paid from the ERISA plan on the ground that ERISA precludes an employer from offsetting payments made pursuant to an ERISA plan. The Workers' Compensation Board rescinded the decision and restored the case to the trial calendar for further development of the record, specifically directing the Company to produce a copy of the ERISA plan for the purpose of determining whether the plan permits or provides for the integration of plan benefits with workers' compensation benefits.

After the trial and further development of the record, the Board held that the Company had not waived its right to reimbursement by failing to seek reimbursement of ERISA plan benefits in the past and that the ERISA plan permitted the offset of workers' compensation benefits against plan benefits. The Board also held that Workers' Compensation Law § 25 (4) (a) authorized reimbursement of plan benefits and was

not preempted by ERISA. Thus, the Board concluded that the Company was entitled to full reimbursement up to the limits of the schedule award. It appears that the similarly situated parties to 974 related cases pending before the Board have agreed to be bound by this Court's ruling in this case.

Initially, we must determine which of two provisions of the Workers' Compensation Law is relevant to this appeal. In rendering its decision, the Board found the Company to be entitled to reimbursement based upon the following statutory provision: "If the employer has made advance payments of compensation, or has made payments to an employee in like manner as wages during any period of disability, [the employer] shall be entitled to be reimbursed out of an unpaid instalment or instalments of compensation due" (Workers' Compensation Law § 25 [4] [a]).

At oral argument before this Court, however, claimant asserted that the applicable provision is subdivision (4) (c) of the same statute, which states as follows: "If the employer or comptroller of the state or city of New York or trustees duly constituted under any welfare, pension or benefit plan, agreement or trust to which the injured employee is a party or of which he is a beneficiary, and which plan, agreement or trust shall provide that the injured employee shall not be entitled to or shall be limited in the amount of benefits or payments thereunder if he shall be entitled to benefits under this chapter, shall have advanced or paid benefits or payments thereunder to the injured employee during any period in which his right to benefits under this chapter was not determined, then and in such event such employer * * * shall be entitled to be reimbursed out of the unpaid instalment or instalments of compensation due, provided claim therefor is filed *together with proof of the terms of said plan, agreement or trust and of the fact and amount of payment with the board before award of compensation is made*" (Workers' Compensation Law § 25 [4] [c] [emphasis supplied]).

It is a fundamental rule of statutory construction that the whole and every part of a statute must be considered in determining the meaning of any of its parts, and it is presumed that the enacting body intended that each part have a distinct meaning (*see, Matter of Albano v Kirby*, 36 NY2d 526, 530; McKinney's Cons Laws of NY, Book 1, Statutes §§ 97, 98). Here, because Workers' Compensation Law § 25 (4) (c) specifically addresses an employer's right to offset moneys paid pursuant to an employee benefit plan against future workers' compensation awards, it would be illogical to construe subdivision (4) (a)

to guarantee the same right. Indeed, to do so would—impermissibly—render meaningless the specific restrictions which subdivision (4) (c) places on that right (see, Matter of Yolanda D., 88 NY2d 790, 795 [where possible, courts must give effect to every word of a statute]).

Thus, while we agree with the Board that the Workers' Compensation Law authorizes employers to seek credits against schedule awards for moneys paid pursuant to an employee benefit plan, we hold that such right stems from Workers' Compensation Law § 25 (4) (c) and is limited by the restrictions in that provision. Of specific relevance here, the employer is required to file a claim for reimbursement "together with proof of the terms of said plan * * * with the board before award of compensation is made" (Workers' Compensation Law § 25 [4] [c]). By contrast, subdivision (4) (a) makes no reference to proof of plan terms—further supporting our conclusion that it was not intended to address moneys paid from an employee benefit plan—and requires only that the "claim for reimbursement [be] filed before award of compensation is made" (Workers' Compensation Law § 25 [4] [a]). There is no dispute that the Company filed a claim for reimbursement—"pursuant to Section 25 of the Workers' Compensation Law"—with the Board prior to the schedule award, satisfying the notice requirements of Workers' Compensation Law § 25 (4) (a). On the record before us, however, it appears that the Company failed to file proof of the plan's terms as required by subdivision (4) (c). Indeed, the Board directed the Company to produce a copy of the plan in its February 14, 1997 decision continuing the case, well after the April 11, 1994 schedule award. Moreover, a copy of the plan and testimony concerning its terms apparently were not introduced until the trial.

Accordingly, because the Company failed to meet the requirements set forth in Workers' Compensation Law § 25 (4) (c), its right to a credit against the schedule award is limited to what it is entitled to pursuant to subdivision (4) (a)—i.e., it cannot offset the benefits paid from the ERISA plan against the schedule award as contemplated by subdivision (4) (c). In light of this conclusion, there is no reason to address claimant's arguments that the Company waived its right to reimbursement of plan benefits by its past practice, that the ERISA plan precludes the integration of workers' compensation benefits or that the Workers' Compensation Law is preempted by ERISA.

Cardona, P. J., Peters and Graffeo, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as awarded the employer an offset against the schedule

award for moneys paid to claimant from the ERISA plan, and, as so modified, affirmed.