■ In the Matter of the Claim of JANICE STARUCH, Appellant-Respondent, v NEW YORK TELEPHONE COMPANY, Presently Known as VERIZON, INC., Respondent-Appellant. WORKERS' COMPENSATION BOARD, Respondent. (And 974 Other Related Claims.) [757 NYS2d 371] —Spain, J. Cross appeals from a decision of the Workers' Compensation Board, filed November 28, 2001, which ruled, inter alia, that the employer was not entitled to full reimbursement for certain benefits paid.

This appeal marks the second time this matter has come before this Court (277 AD2d 830 [2000], *lv dismissed and denied* 96 NY2d 852 [2001] [hereinafter *Staruch I*]). *Staruch I* involved an appeal from a determination of the Workers' Compensation Board filed August 26, 1998, which held that claimant's employer, New York Telephone Company (hereinafter the company), was entitled to full reimbursement for benefits paid to claimant for a period of disability, up to the limits of claimant's schedule award (*id.*). Specifically, the Board held that the company was entitled to reimbursement pursuant to Workers' Compensation Law § 25 for both workers' compensation benefits paid to claimant and moneys paid to her from the company's employee welfare benefit plan created under the Employee Retirement Income Security Act of 1974 (29 USC § 1001 *et seq.* [hereinafter ERISA]).

Claimant appealed from the Board's August 26, 1998 decision and, after similarly situated parties in 974 cases pending

before the Board agreed that claimant's case would be the lead case and the Board's decision thereon would be determinative of the common legal issue in all these matters, we issued an order dated June 9, 2000 consolidating the appeals taken by each of the 975 claimants. We subsequently determined in *Staruch I* that, on the facts presented by this lead case, the company was not entitled to an offset against the schedule award for the benefits paid to claimant from the company's employee welfare benefit plan (hereinafter ERISA plan; 277 AD2d 830, 833-834 [2000], *supra*). Specifically, we held that an employer's right to seek reimbursement for moneys paid from an ERISA plan stems from Workers' Compensation Law § 25 (4) (c) and, with regard to this claimant, the company failed to file proof of the terms of the ERISA plan prior to the time that the schedule award was made as required by that provision; thus, the company was precluded from offsetting that portion of the benefits paid pursuant to the ERISA plan against this claimant's schedule award. Accordingly, we modified the Board's decision, limiting the company's right to reimbursement to the workers' compensation benefits paid, and otherwise affirmed the August 26, 1998 decision.

Nevertheless, by resolution dated August 2, 2001, the Board rescinded its August 26, 1998 decision, adopted this Court's order as its own and retained the matter for further consideration. The Board then issued a decision dated November 28, 2001 in which it found, consistent with this Court's previous decision, that the company had not filed proof of the ERISA plan terms before the schedule award was made as required by Workers' Compensation Law § 25 (4) (c) and, thus, was not entitled to full reimbursement. In addition, the Board directed that the date to be used to establish the filing date for all 974 related cases was the date the company had filed proof of the ERISA plan's terms in claimant's case—July 16, 1997— absent proof of earlier filing in any individual case. Both parties now appeal from the Board's November 28, 2001 decision.

Turning first to the issues raised on appeal by the company, we find no basis upon which to upset the Board's determination. The company argues that (1) it complied with Workers' Compensation Law § 25 (4) (c) and thus is entitled to an offset for benefits paid from its ERISA plan, (2) this Court was precluded from addressing the applicability of section 25 (4) (c) because it was raised for the first time on appeal and, alternatively, (3) section 25 (4) (c) is preempted by ERISA and, thus, the company is entitled to reimbursement pursuant to section 25 (4) (a). We will not consider the various arguments

that the company sets forth to demonstrate that it complied with Workers' Compensation Law § 25 (4) (c), inasmuch as this issue was finally determined against the company by our prior decision in *Staruch I*[1] (*see Matter of Acres Stor. Co. v Chu*, 144 AD2d 758, 759 [1988], *appeal dismissed* 73 NY2d 914 [1989]; *Matter of O'Leary*, 134 AD2d 700, 701 [1987]). Likewise, the company's challenge directed to this Court's discretion to consider the applicability of Workers' Compensation Law § 25 (4) (c) is not now properly before us as, once again, it involves an issue finally and adversely determined by the prior appeal.[2]

Furthermore, were we to accept the company's argument— not advanced on the prior appeal—that Workers' Compensation Law § 25 (4) (c) is preempted by ERISA, we would nevertheless affirm the Board's determination as the company's right to reimbursement stems solely from that statutory provision (*see* 277 AD2d 830, 833 [2000], *supra*). Accordingly, because the preemption argument as advanced here by the company, even if meritorious, would not provide a basis for the relief sought by the company in the specific context of this appeal, we render no decision on the preemption issue at this juncture, but defer the resolution of the question of whether ERISA precludes the offset of benefits paid pursuant to its employee welfare benefit plan against an employee's schedule award to a case where the issue is squarely presented (*see Matter of Passaro v Lake George Park Commn.*, 288 AD2d 678, 679 [2001]; *Vartanian v Research Found. of State Univ. of N.Y.*, 227 AD2d 744, 745 [1996], *appeal dismissed* 88 NY2d 1053 [1996], *lv dismissed and denied* 89 NY2d 965 [1997]).[3]

Turning to claimant's arguments on appeal, they are unrelated to her own claim but, instead, solely involve that portion of the Board's decision which constructively applied the filing date in this matter to all the related matters which were consolidated with the prior appeal. Notably, although the par-

1. The company's subsequent motions to this Court for reargument or leave to appeal to the Court of Appeals and to the Court of Appeals for leave to appeal were denied and/or dismissed (96 NY2d 852 [2001]).

2. In any event, the question of the applicability of Workers' Compensation Law § 25 (4) (c) was one of statutory construction and, on the initial appeal, the parties were given the opportunity to be heard on the issue in post-argument letter briefs. Under these circumstances, the issue was clearly within our discretion to consider for the first time on the previous appeal (*see* CPLR 5501 [c]; *see also Matter of Richardson v Fiedler Roofing*, 67 NY2d 246, 250 [1986]; *Matter of Mizugami v Sharin W. Overseas*, 183 AD2d 962 [1992], *affd* 81 NY2d 363 [1993]).

3. On July 15, 2002, the parties entered into a stipulation relative to another 1,600 cases currently pending before the Board, agreeing to select a lead case to develop ERISA related issues.

ties stipulated to have the outcome of this matter resolve the legal issues in the 974 related matters, such an agreement does not convey jurisdiction to this Court to render decisions concerning nonparties to the appeal. Although the previous appeal was a consolidation of all 975 appeals, on the record before us only claimant, Janice Staruch, has filed a notice of appeal and no motion has been made for consolidation. Therefore, although these individuals may well be subject to future, appealable orders by the Board as the constructive filing date is applied to each of their cases, because no other aggrieved claimant has filed an appeal from the Board's November 28, 2001 decision, we cannot resolve this matter within the context of this appeal.

Cardona, P.J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.