In the Matter of the Claim of EDWARD BROWN, JR., Respondent, v VERIZON NEW YORK, INC., Formerly Known as BELL ATLANTIC, Appellant. WORKERS' COMPENSATION BOARD, Respondent. (And Five Other Related Proceedings.) [778 NYS2d 726]—

Mugglin, J. Appeals from six decisions of the Workers' Compensation Board, filed May 7, 2002, June 3, 2002, June 14, 2002, June 25, 2002, July 2, 2002 and July 15, 2002, which ruled, inter alia, that the employer was not entitled to full reimbursement for certain benefits paid.

These six cases, while not among the 974 cases for which *Staruch v New York Tel. Co.* (277 AD2d 830 [2000], *lv dismissed and denied* 96 NY2d 852 [2001]) was designated the lead case, present once again the issue of whether an employer's right to recover moneys paid pursuant to an employee benefit plan from a later workers' compensation schedule award is governed by Workers' Compensation Law § 25 (4) (a) or (c).* We hold that the principles of collateral estoppel and stare decisis both apply to bar appellate review of this issue for the third time (*see Staruch v New York Tel. Co.*, 304 AD2d 867 [2003]). Collateral estoppel applies where the identical issue was previously necessarily decided and the party against whom the doctrine will be applied had a full and fair opportunity to contest the issue (*see Sterling Ins. Co. v Chase*, 287 AD2d 892, 893 [2001]). Both requirements are satisfied in this case. The doctrine of stare decisis also operates to prevent reexamination of issues once resolved (*see People v Bing*, 76 NY2d 331, 338 [1990]; *Moore v City of Albany*, 98 NY 396, 410 [1885]). Hundreds of cases have been or are now being processed by the Workers' Compensation Board in conformity with this Court's two *Staruch* decisions, presenting a compelling reason not to reexamine and change the established rules.

Lastly, for the same reasons expressed in our second *Staruch* decision (*Staruch v New York Tel. Co.*, 304 AD2d 867, 869 [2003], *supra*), we decline to address whether the Employee Retirement Income Security Act (29 USC § 1001 *et seq.*) preempts Workers' Compensation Law § 25 (4) (c) and defer that issue to a case where it is squarely presented.

Spain, J.P., Carpinello and Rose, JJ., concur. Ordered that the decisions are affirmed, without costs.

---

* We disagree with the employer's contention that the case of claimant Richard D'Arpe is factually distinguishable because the employer filed proof of the terms of the plan as required by Workers' Compensation Law § 25 (4) (c). Notably, the filing occurred September 4, 2001, *after* the award of compensation was made on August 30, 2001.