■ In the Matter of the Claim of EDUARDO EUSEBIO, Appellant, v VERIZON NEW YORK, INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [781 NYS2d 167]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed May 17, 2002, which ruled that the employer was entitled to full reimbursement for certain benefits paid to claimant.

After suffering a work-related injury on March 16, 1995, claimant was promptly paid benefits by his employer in an amount equal to his full salary. A portion of the benefits was paid from the employers' employee welfare benefit plan created

under the Employee Retirement Income Security Act of 1974 (29 USC § 1001 *et seq.* [hereinafter ERISA]). Claimant also submitted a claim to the Workers' Compensation Board seeking compensation for his injuries, and the employer submitted a timely request for reimbursement for the full amount of benefits it paid to claimant from any workers' compensation award rendered to claimant.

Thereafter, claimant consented to consolidation of his claim with those of 974 other similarly situated claimants, i.e., others who were paid benefits under the employer's ERISA plan, for common resolution of the issue of whether, under the Workers' Compensation Law, the employer can obtain reimbursement for benefits paid to injured workers pursuant to the ERISA plan. The 975 claimants agreed that the then-pending case of *Matter of Staruch v New York Tel. Co.* (277 AD2d 830 [2000], *lv dismissed and denied* 96 NY2d 852 [2001] [hereinafter *Staruch I*]) would serve as the lead case and agreed to be bound by the legal issues determined therein. On July 16, 1997, in the course of the hearing in *Staruch I*, the Board received into evidence a copy of the employer's ERISA plan, along with testimony pertaining thereto. The Board then determined that the ERISA plan did not prohibit the integration of employee benefits and, as such, the employer would be entitled to full reimbursement from any award made to an injured employee. On the appeal to this Court by Janice Staruch in *Staruch I*, we held—noting that the applicable statute governing the employer's right to reimbursement required the employer to file both a request for reimbursement and proof of the terms of its ERISA plan prior to the award of benefits to the injured employee, and that the employer had not filed proof of the terms of its ERISA plan prior to the workers' compensation award to the claimant—that the employer was not entitled to full reimbursement in that case (*see* Workers' Compensation Law § 25 [4] [c]; *Matter of Staruch v New York Tel. Co., supra* at 832-833).

Another administrative determination and appeal to this Court ensued (*see Matter of Staruch v New York Tel. Co.*, 304 AD2d 867 [2003] [hereinafter *Staruch II*]). While that appeal was pending, the Board issued the decision appealed from in the instant case, dated May 17, 2002, and determined that because the employer filed a claim for reimbursement prior to the award of compensation to claimant herein and filed proof of the terms of its ERISA plan on July 16, 1997 in the context of the *Staruch I* claim, the requirements of Workers' Compensation Law § 25 (4) (c) were satisfied. The Board then construed the terms of the employer's ERISA plan to permit full reimbursement from

the workers' compensation award. Only claimant appeals, raising the sole argument that the Board erred in utilizing, for the purposes of this case, the date which the employer filed proof of the terms of its employee benefit plan in the *Staruch I* claim.

We affirm. Although we reject the employer's attempt to once again relitigate this Court's statutory construction of Workers' Compensation Law § 25 (*see Matter of Staruch v New York Tel. Co.*, 304 AD2d 867 [2003], *supra; Matter of Staruch v New York Tel. Co.*, 227 AD2d 830 [2000], *supra*), we find no error in the Board's adoption of the July 16, 1997 filing date in this case. Clearly, Workers' Compensation Law § 25 (4) (c) requires the employer to file "proof of the terms of [the ERISA] plan" with its claim for reimbursement. However, where the plan has already been filed with the Board in the context of a consolidated matter, we discern nothing in the statute which prohibits the Board from exercising its discretion to recognize such filing, as opposed to insisting that the plan be refiled in each of the hundreds of consolidated cases involving identical plan terms. Significantly, with his consent to have the legal issues in this matter disposed of by the disposition of *Staruch I*, we find that claimant implicitly acknowledged that the relevant plan terms are the same in each case. Indeed, no argument is made here to the contrary, nor is there any suggestion, given the stipulation to consolidate this matter with the other similarly situated claimants, that claimant lacked notice or was otherwise prejudiced by the Board's decision to deem the plan terms to have been filed based on their introduction into evidence during the *Staruch I* hearing.

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.