In the Matter of the Claim of THERESA MOORING, Appellant, v AMERICAN AIRLINES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [782 NYS2d 168]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed September 9, 2002, which ruled that claimant voluntarily withdrew from the labor market and denied her claim for workers' compensation benefits.

Claimant injured her back in the course of her employment as a bartender in 1999 and was thereafter awarded workers' compensation benefits. Subsequently, the employer and its workers' compensation carrier controverted the claim, arguing that claimant's refusal of the employer's offer of light-duty work compelled a finding that she had voluntarily withdrawn from the labor market. Following a hearing, the Workers' Compensation Law Judge agreed and disallowed her claim. The decision was affirmed by the Workers' Compensation Board. Claimant now appeals.

We affirm. "Whether a claimant's refusal to accept a light-duty assignment constitutes a voluntary withdrawal from the labor market is a factual question for the Board and its determination will not be disturbed if supported by substantial evidence" (Matter of Testani v Aramark Servs., 306 AD2d 709, 709 [2003] [citations omitted]; see Matter of Peluso v Fairview Fire

*Dist.*, 269 AD2d 623, 623 [2000]). Here, the Board duly considered the undisputed testimony of claimant's employer that she had created a hostess position for claimant entailing only duties that fell within her medically prescribed work restrictions. However, claimant rejected the offer, did not negotiate further with her employer, and failed to inform her treating physician of the offer (*see Matter of Testani v Aramark Servs., supra* at 709; *Matter of Korczyk v City of Albany*, 264 AD2d 908, 909 [1999]). Claimant's testimony to the contrary presented a credibility issue that the Board was entitled to resolve against her (*see Baumgarten v New York State Banking Dept.*, 279 AD2d 741, 741-742 [2001]).

Moreover, the testimony of claimant's treating physician, the physician retained by the carrier, and a videotape prepared by the carrier's investigator, showing claimant helping out at her friend's balloon store without the pain or limitations she testified to, establish that claimant was capable of performing the light-duty assignment. The Board's consideration of the foregoing provides its findings with the requisite rational basis. Therefore, its decision is supported by substantial evidence and must be affirmed. Petitioner's remaining arguments are either not properly before this Court or lack merit.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.