■ In the Matter of the Claim of John Meeks, Appellant, v Verizon New York, Inc., Respondent. Workers' Compensation Board, Respondent. [814 NYS2d 310]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed May 26, 2005, which ruled, inter alia, that the employer was entitled to full reimbursement for certain benefits paid.

Claimant, an employee of Verizon New York, Inc., sustained a work-related injury to his left shoulder. During the 8.6 weeks that claimant was out of work, Verizon[1] paid claimant his full weekly wages of $760—$400 in workers' compensation benefits and $360 from its Sickness and Accident Disability Benefit Plan (hereinafter Plan).[2] Subsequently, when claimant sought a workers' compensation schedule loss of use award, Verizon filed an appropriate request for reimbursement of benefits pursuant to Workers' Compensation Law § 25 (4) (c).

At a hearing held in October 2002, claimant and Verizon stipulated to a schedule loss of use of 7¹/₂% to the left arm and claimant was awarded 23.4 weeks of benefits at $400 per week, for a total schedule loss award of $9,360. The workers' compensation law judge granted Verizon's reimbursement

---

1. Verizon is a self-insurer of workers' compensation coverage.

2. This benefit plan was qualified under the Employee Retirement Income Security Act of 1974.

request for $3,440—the portion of benefits paid to claimant as workers' compensation—and held in abeyance the remainder of Verizon's request. Subsequently, the workers' compensation law judge issued a reserved decision finding, among other things, that Workers' Compensation Law § 25 was not preempted by the Employee Retirement Income Security Act of 1974 (hereinafter ERISA) and that Verizon was entitled to full reimbursement for wages paid in the amount of $6,536. The Workers' Compensation Board modified only to the extent of correcting citations to the benefit plan and otherwise affirmed. Claimant appeals.

First, we note that in previous Verizon decisions, we held that failure to file proof of the terms of the ERISA plan before the schedule award was made (*see* Workers' Compensation Law § 25 [4] [c]) prevented Verizon from offsetting against that award sums paid in excess of workers' compensation benefits (*see Matter of Staruch v New York Tel. Co.*, 277 AD2d 830, 833 [2000], *lv dismissed and denied* 96 NY2d 852 [2001]). We also declined to address whether Workers' Compensation Law § 25 (4) (c) has been preempted by ERISA (*see Matter of Brown v Verizon N.Y., Inc.*, 8 AD3d 838, 839 [2004], *lv dismissed* 4 NY3d 739 [2004]; *Matter of Staruch v New York Tel. Co.*, 304 AD2d 867, 869 [2003]; *Matter of Staruch v New York Tel. Co.*, 277 AD2d 830, 833 [2000], *supra*). Here, neither issue is presented as claimant does not contest that Verizon timely complied with the requirements of Workers' Compensation Law § 25 (4) (c) and concedes that the statute is not preempted by ERISA. As herein relevant, section 6.25 of the Plan provides: "Payments Under Law. In case any benefit, which the Committees shall determine to be of the same general character as a payment provided by the Plan, shall be payable under any law now in force or hereafter enacted to any Employee of the Employing Company, the excess only, if any, of the amount prescribed in the Plan above the amount of such payment prescribed by law shall be payable under the Plan; provided, however, that no benefit payable under this Plan shall be reduced by reason of any governmental benefit payable on account of military service or by reason of any benefit which the recipient would be entitled to receive under the Social Security Act. In those cases where, because of differences in the time or methods of payment, or otherwise, whether there is such excess is not ascertainable by mere comparison but adjustments are necessary, the Committees in their discretion are authorized to determine whether or not in fact any such excess exists, and in case of such excess, to make the adjustments necessary to carry out in a fair and equitable manner the spirit of the provision for the payment or recovery of such excess."

Plainly, the Plan is intended to achieve the laudatory goal of providing an income source to an injured employee during the period he or she is out of work and to allow the recovery of benefits paid to the extent that the employee receives duplicate benefits from a collateral source under "any law." Claimant's principal argument is that since the Plan does not specifically list workers' compensation benefits as a collateral source, Verizon has no legal right to seek credits or reimbursement against claimant's schedule loss of use award. We disagree. As the employer complied with the requirements of Workers' Compensation Law § 25 (4) (c), it is authorized to seek credit or reimbursement for advanced payments to an employee pursuant to any benefit plan (*see Matter of Staruch v New York Tel. Co.*, 277 AD2d 830, 833 [2000], *supra*). Moreover, it is evident that the Plan contemplates the integration of benefits and, although it makes no specific reference to benefits paid under the Workers' Compensation Law, it plainly states that it applies to benefits paid under "any law." As a consequence, the committees may seek credit or reimbursement against any potential collateral source for the same work-related injury (including workers' compensation benefits), except benefits received on account of military service or under the Social Security Act. In addition, authorizing the Plan to seek credit or reimbursement when the employee has received an award from any collateral source under "any law" for the same injury, protects the integrity of the fund for future potential beneficiaries by preventing "double recoveries" at the possible expense of such beneficiaries.

Finally, both claimant's assertion that the schedule award is not of the "same general character" as the benefits paid—an assertion which contests a determination made in the Plan administrator's discretion—and claimant's assertion that the Plan administrator breached its fiduciary duties are issues which must be determined in a federal action pursuant to ERISA (*see Aetna Health Inc. v Davila*, 542 US 200 [2004]).

Mercure, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.