■ In the Matter of MICHAEL A. DEEM, Appellant-Respondent, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEM, Respondent, and WESTCHESTER COUNTY DEPARTMENT OF HUMAN RESOURCES, Respondent-Appellant. [843 NYS2d 869]—

Carpinello, J. Cross appeals from a judgment of the Supreme Court (Teresi, J.), entered July 10, 2006 in Albany County, which, among other things, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

In January 2004, petitioner, an assistant county attorney in the City of White Plains, Westchester County, was ordered to active military duty in his capacity as a United States Marine Corps reservist. He served until January 19, 2005 and returned to work on April 4, 2005. He thereafter commenced this proceeding pursuant to CPLR article 78 claiming that he was denied retirement service credit for all time served while on active duty and further claiming that he was entitled to full pay and benefits during the time period between his discharge from military service and his eventual return to work. Supreme Court dismissed the proceeding prompting this appeal.

With respect to respondent New York State and Local Retirement System, the record does not contain any determination by this agency, final or otherwise, relative to petitioner's request for certain retirement credits. Thus, any such issue is not ripe for review (see generally Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 519 [1986], cert denied 479 US 985 [1986]; see also CPLR 217 [1]; 7803 [3]). In any event, it appears that the Retirement System has indeed credited petitioner's retirement account for the period in question. This being the case, he has received all the relief requested from this party

and, therefore, as to the Retirement System, this appeal has been rendered moot (*see e.g. Matter of Saratoga Harness Racing v Corbisiero*, 216 AD2d 776, 777 [1995]).

Next, Supreme Court properly dismissed the proceeding against respondent Westchester County Department of Human Resources. Petitioner received all benefits that he was entitled to under applicable laws during and after his ordered military duty, that is, he received a salary differential from Westchester County during his entire period of "ordered . . . active military duty" (Westchester County Act No. 224-2001, §§ 1, 5) and he then received 73 days of requested leave following his discharge (*see* 38 USC § 4312 [e] [1] [D]; Military Law § 243 [2] [a]). While petitioner claims that he was entitled to be paid his full salary, as well as other benefits, during his 73-day transitional period, he has cited no local, state or federal law, or decisional authority, to support this position.

With respect to Westchester County's cross appeal, we are unable to conclude that Supreme Court abused its discretion in declining to award it counsel fees.

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.