■ In the Matter of the Claim of THERESA MOORING, Appellant, v AMERICAN AIRLINES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [864 NYS2d 198]—

Stein, J. Appeal from a decision of the Workers' Compensation Board, filed May 2, 2006, which ruled, among other things, that claimant voluntarily withdrew from the labor market.

Claimant suffered a causally related injury in 1999. After the employer contested the claim, the Workers' Compensation Board affirmed a determination by a Workers' Compensation Law Judge (hereinafter WCLJ) that disallowed the claim, based on claimant's voluntary withdrawal from the labor market due to her refusal to accept an offer of light-duty work. That decision was affirmed by this Court (10 AD3d 818, 819 [2004]). Pursuant to the Board's determination, the issue of claimant's alleged violation of Workers' Compensation Law § 114-a was referred back to the WCLJ. Subsequently, a WCLJ found that claimant had violated Workers' Compensation Law § 114-a by intentionally making a false representation regarding her employment status. This determination, however, was rescinded by the Board in a decision filed May 2, 2006, in order to more fully develop the record. As part of the May 2, 2006 decision, the Board also found that it was without authority to overturn this Court's determination regarding claimant's voluntary withdrawal from the labor market. Claimant now appeals.

Initially, inasmuch as claimant's contention that the Board erred in finding that she voluntarily removed herself from the labor market was decided in this Court's earlier decision (*see* 10 AD3d at 819), the law of the case doctrine precludes us from reviewing it again here (*see Beneke v Town of Santa Clara*, 45 AD3d 1164, 1165 [2007], *lv denied* 10 NY3d 706 [2008]; *Matter of Staruch v New York Tel. Co.*, 304 AD2d 867, 868-869 [2003]; *Matter of Acres Stor. Co. v Chu*, 144 AD2d 758, 759 [1988], *appeal dismissed* 73 NY2d 914 [1989]). Claimant also contends that the Board erred in determining that she committed insur-

ance fraud in violation of Workers' Compensation Law § 114-a. The Board's May 2, 2006 decision, from which claimant appeals, did not, however, determine that claimant had violated Workers' Compensation Law § 114-a. That decision rescinded a finding of a violation by the WCLJ and remitted the issue for further development of the record. A subsequent decision by a WCLJ, filed October 20, 2006, determined that she had not committed insurance fraud in violation of Workers' Compensation Law § 114-a and, although noting that she was not entitled to wage replacement benefits due to her voluntary removal from the labor market, awarded her continued payment for causally related symptomatic treatment. Therefore, as to this issue we find that claimant has received the relief she requested and her appeal with respect thereto is rendered moot (*see generally Matter of Deem v New York State & Local Retirement Sys.*, 44 AD3d 1235, 1235-1236 [2007], *lv denied* 9 NY3d 818 [2008]).

Cardona, P.J., Peters, Rose and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.