Matter of Richburg v Samaritan Daytop Vil. (2022 NY Slip Op 03426)





Matter of Richburg v Samaritan Daytop Vil.


2022 NY Slip Op 03426


Decided on May 26, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 26, 2022

533486
[*1]In the Matter of the Claim of Alan Richburg, Appellant,
v
Samaritan Daytop Village et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 26, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Schotter, Millican, Sinaniyeva & Masilela, LLP, New York City (Geoffrey Schotter of counsel), for appellant.
Tanisha S. Edwards, State Insurance Fund, Albany (Elo Onwujekwe of counsel), for Samaritan Daytop Village and another, respondents.



Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed November 23, 2020, which ruled, among other things, that the workers' compensation carrier was not required to produce certain documentation.
In June 2020, claimant, an employee at a homeless shelter, filed a claim for workers' compensation benefits as a result of contracting COVID-19. During a prehearing conference, and over the employer's objection, a Workers' Compensation Law Judge (hereinafter WCLJ) granted claimant's request to direct the employer to produce "all documents, records, etc. pertaining to COVID-19 in the workplace in March through May of 2020." Upon review, the Workers' Compensation Board, as is pertinent here, reversed the WCLJ's decision directing the employer to produce the documentation requested upon the basis that such improperly shifted the burden of proof, among other reasons. Claimant appeals.
Claimant informs this Court that, notwithstanding the absence of the documentation requested from the employer, his claim was subsequently established by a decision of the WCLJ filed August 19, 2021, and said decision has not been appealed to the Board (see Workers' Compensation Law § 23). Accordingly, claimant's challenge to the denial of his request to direct the employer to produce certain documentation in support of his claim has been rendered moot (see Matter of Mooring v American Airlines, 54 AD3d 1105, 1106 [2008], lv denied 12 NY3d 704 [2009]; Matter of Supinski v Bankers Trust Co., 235 AD2d 844, 844-845 [1997]; see also Matter of Poulard v Southside Hosp., 177 AD3d 1234, 1235 [2019]). We are unpersuaded by claimant's contention that the exception to the mootness doctrine is applicable to the circumstances presented (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]; cf. Matter of Wiess v Mittal, 96 AD3d 1175, 1177 [2012]).
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.