■ In the Matter of the Claim of STENNETT WILLIAMS, Appellant, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [715 NYS2d 516] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed October 14, 1999, which ruled that claimant was precluded from raising the issue of his degree of disability.

After his work-related injury in 1988, claimant received various awards of workers' compensation benefits and, upon a finding in May 1996 that he was permanently partially disabled, claimant was awarded compensation at the mild partial disability rate. Claimant's appeal based upon medical evidence of a more severe disability resulted in a decision of the Workers' Compensation Board which restored the case to the trial calendar for further development of the record on the issue of the degree of claimant's disability subsequent to May 6, 1996. Two physicians thereafter testified, with one concluding that claimant's partial disability was at the lower end of moderate while the other concluded that claimant was totally disabled. The Workers' Compensation Law Judge (hereinafter WCLJ) awarded claimant benefits at the moderate partial disability rate. Upon claimant's appeal, the Board ruled that claimant was precluded from raising the issue of his degree of disability, prompting this appeal by claimant.

The regulation cited by the Board in its decision, 12 NYCRR 300.13 (e) (1) (iii), provides that the Board may deny review of any issue that was not raised before the WCLJ. Inasmuch as the matter was before the WCLJ for the purpose of complying with the Board's prior decision requiring further development of the record on the issue of the degree of claimant's disability, there is no support for the Board's conclusion that the issue of the degree of disability was not raised before the WCLJ. Although the WCLJ's award at the moderate rate was more favorable to claimant than the prior award at the mild rate, it was less than the award that could have been made on the basis of the testimony of the physician who found that claimant was totally disabled. Claimant was, therefore, aggrieved by the award and neither 12 NYCRR 300.13 (e) (1) (iii) nor Workers' Compensation Law § 23, also cited by the Board in its decision, required claimant to take an exception from the WCLJ's adverse finding on the issue specifically restored to the trial calendar by the Board's decision on claimant's earlier appeal. In these circumstances, the Board abused its discretion in refusing to review the issue of the degree of claimant's disability.

Cardona, P. J., Carpinello, Graffeo and Rose, JJ., concur.

Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.