■ In the Matter of the Claim of GALE FINDLING, Appellant, v COMMUNITY GENERAL HOSPITAL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [720 NYS2d 630] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed September 15, 1999, which refused to consider the

merits of claimant's application for review of an award of intermittent lost time.

Claimant sustained a work-related injury in July 1995 and, after returning to work the following month, she apparently continued to lose intermittent time from work. By decision filed October 1, 1996, the case was continued for, *inter alia*, further consideration of intermittent lost time awards. Shortly thereafter, claimant submitted a spreadsheet which purported to summarize her time lost from the date of the injury through April 12, 1996. A question arose, however, with regard to the medical evidence of claimant's disability during a portion of the period encompassed by the spreadsheet. Nevertheless, in April 1998, claimant was awarded eight weeks of intermittent lost time and she applied for review by the Workers' Compensation Board. In support of her application, claimant submitted a copy of the previously-submitted spreadsheet and argued that it showed 13 weeks of intermittent lost time. Concluding that the spreadsheet constituted new evidence and that claimant had failed to explain why the evidence had not been submitted prior to the award, the Board refused to entertain the merits of claimant's application.

On this appeal, claimant contends that the Board erred in characterizing the spreadsheet as new evidence and in refusing to consider the merits of her application for review. The employer concedes that the spreadsheet was not new evidence but argues that the Board's error does not require reversal because the probative value of the spreadsheet is questionable. The probative value or weight to be given to the spreadsheet, however, is a question for the Board to resolve in its role as fact finder. As a result of its erroneous conclusion that the spreadsheet was new evidence, the Board never engaged in its fact-finding role and claimant was deprived of the opportunity to have the Board consider the merits of an issue that was properly preserved (*see, Matter of Williams v New York State Dept. of Transp.*, 277 AD2d 592). Accordingly, the decision must be reversed and the matter remitted to the Board for consideration of the merits of claimant's application.

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.