■ In the Matter of the Claim of MILDRED BROWN, Appellant, v ORANGE COUNTY HOME AND INFIRMARY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [724 NYS2d 223] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed November 10, 1999, which ruled that claimant was precluded from raising certain issues.

In May 1994, the Workers' Compensation Board affirmed decisions of a Workers' Compensation Law Judge (hereinafter WCLJ) which found claimant to have a work-related mild to moderate partial disability for a period ending September 1, 1992 and directed the carrier to continue paying reduced earnings at a tentative rate. The WCLJ thereafter made awards of reduced earnings at the tentative rate for additional periods and again directed the carrier to continue payments at the tentative rate. In May 1996, however, the WCLJ made an award of reduced earnings at the tentative rate for the period ending April 30, 1996 and directed the carrier not to continue payments. A hearing was thereafter scheduled for the purpose of considering the question of reduced earnings and claimant was advised to produce updated medical reports and records of earnings. At the hearing, claimant's counsel appeared and, after an off-the-record discussion, the WCLJ noted the absence of medical evidence subsequent to April 30, 1996, made all prior tentative rates permanent, authorized symptomatic treatment and closed the case. On claimant's appeal, the Board denied review of her claims that she had a continuing disability and that the tentative rates were insufficient for certain years. Claimant appeals.

Pursuant to 12 NYCRR 300.13 (e) (1) (iii), the Board may deny review of any issue that was not raised before the WCLJ. In *Matter of Williams v New York State Dept. of Transp.* (277 AD2d 592), we recently held that this rule does not require a party to take an exception from a WCLJ's adverse decision on a contested issue where the Board had remitted the matter for further development of the record on the issue and additional evidence had been presented prior to the WCLJ's decision. Thus, the record in the *Williams* case demonstrated that the issue had been raised and litigated before the WCLJ. In contrast, although the notice of hearing in this case advised

claimant of the purpose of the hearing and directed her to produce relevant medical and financial evidence, claimant failed to do so. Nor did she request an opportunity to further develop the record. Rather, her counsel remained silent as the WCLJ decided issues and closed the case on the basis of a record which, as a result of claimant's apparent acquiescence, contained no evidence that could warrant any other decision. In these circumstances, we find nothing irrational in the Board's conclusion that claimant had failed to raise the medical and financial issues before the WCLJ within the meaning of 12 NYCRR 300.13 (e) (1) (iii). Claimant's submission of relevant medical evidence in support of her appeal to the Board does not alter our conclusion, particularly in the absence of any excuse for her failure to produce that evidence before the WCLJ or anything in the record to suggest that claimant was deprived of the opportunity to present evidence on the issues relevant to her reduced earnings claim (*compare*, *Matter of Hughes v Steuben County Self-Ins. Plan*, 248 AD2d 757, *with Matter of Gallagher v Houlihan Lawrence Real Estate*, 259 AD2d 853).

Mercure, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.