■ In the Matter of the Claim of ELIZABETH SPECTOR, Appellant, v NEW YORK CITY BOARD OF EDUCATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [739 NYS2d 758] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed May 21, 2001, which, inter alia, denied claimant's application for review.

Following a hearing at which the parties presented conflicting medical evidence on the nature and extent of any disability from neck and shoulder injuries sustained by claimant in a work-related fall, a Workers' Compensation Law Judge (hereinafter the WCLJ) concluded that there was no disability from the neck injury and that the shoulder injury was amenable to a schedule award. In so concluding, the WCLJ found the testimony of the employer's expert more credible than that of claimant's expert. Noting that "claimant's attorneys failed to object to the finding that the testimony of the self-insured employer's consultant was more credible than that of claimant's treating physician," the Workers' Compensation Board denied claimant's application for review. The Board further concluded that if the merits of claimant's application were considered, the WCLJ's decision would not be disturbed. Claimant appeals.

We agree with claimant that the Board erred in concluding that the absence of an objection to the WCLJ's factual findings warranted denial of review. The Board may, pursuant to 12 NYCRR 300.13 (e) (1) (iii), deny review of any issue that was not raised before the WCLJ (*see, Matter of Brown v Orange County Home & Infirmary*, 283 AD2d 797). There is, however, no requirement that a party take an exception from a WCLJ's adverse ruling on an issue that was raised and litigated before the WCLJ (*compare, id., with Matter of Williams v New York State Dept. of Transp.*, 277 AD2d 592). By presenting the testimony of her treating physician, claimant clearly raised and litigated the factual issue created when the employer's consultant presented testimony which conflicted with that of claimant's expert. Accordingly, claimant was not obligated to

take an exception to the WCLJ's adverse ruling on that issue and the Board erred in denying review of the merits of claimant's appeal.

Assuming that the Board's decision can be read as adopting an alternative ground for resolving claimant's appeal based upon a review of the merits (*see, Matter of Noel v Owens-Brockway*, 290 AD2d 739), we are of the view that claimant's appellate arguments are sufficiently broad to include a challenge to the alternative ruling. In discussing the merits, the Board's decision correctly recognized that the conflicting medical testimony created a question of fact for the Board to resolve. The Board, however, did not do so. Instead, it noted that the WCLJ had found the employer's consultant more credible than claimant's treating physician and concluded that "[t]he WCLJ acted within his discretion." The Board was obligated to exercise its fact-finding authority to resolve the issue created by the conflicting medical testimony, an obligation not satisfied by deferring to what the Board erroneously viewed as the WCLJ's exercise of discretion. Where, as here, the Board failed to engage in its fact-finding role, thereby depriving claimant of the opportunity to have the Board consider the merits of an issue that was properly preserved, the decision must be reversed and the matter remitted to the Board to conduct the required review (*see, Matter of Findling v Community Gen. Hosp.*, 280 AD2d 798).

Peters, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.