■ In the Matter of the Claim of Hudson G. Cutting, Jr., Appellant, v Richard W. Nezelek, Inc., et al., Respondents. Special Funds Conservation Committee, Respondent; Workers' Compensation Board, Respondent. [740 NYS2d 515] —Mercure, J. Appeals (1) from a decision of the Workers' Compensation Board, filed November 8, 1999, which, inter alia, ruled that the reopening of the claim was barred by Workers' Compensation Law § 123, and (2) from a decision of said Board, filed August 29, 2000, which denied claimant's application for reconsideration or full Board review.

Claimant sustained a compensable injury to his back on February 15, 1977. It appears that the last payment of compensation was made on July 21, 1980, and the case was closed in April 1981. Claimant sustained a further back injury in July 1997. He filed a claim for workers' compensation benefits with regard to that injury and his employer's workers' compensation carrier controverted his right to compensation based on, as here relevant, the preexisting back condition. Claimant was

examined by his own neurosurgeon, who apportioned his disability 75% to the new injury and 25% to the 1977 injury, and by an orthopedic consultant to the employer's carrier, who apportioned claimant's disability 50% to the new injury and 50% to the prior injury.

At a July 31, 1998 hearing before a Workers' Compensation Law Judge (hereinafter WCLJ), the WCLJ ruled that the 1977 case was closed at an April 1981 hearing, that Workers' Compensation Law § 25-a applies and that the "time criteria" of Workers' Compensation Law § 123* have been met and bar any further monetary awards in the 1977 case. Finally, the WCLJ credited the report of claimant's neurosurgeon and apportioned claimant's disability and treatment 25% to the 1977 file and 75% to the 1997 file. At the conclusion of the hearing, claimant's counsel stated, "Note claimant's exception to the finding of applicability of Section 25-a and Section 123."

Claimant thereafter appealed the WCLJ decision to the Workers' Compensation Board, asserting that (1) newly discovered evidence would be produced to demonstrate that claimant sought to reopen the 1977 case in February 1985, thereby tolling the time limitations of Workers' Compensation Law §§ 25-a and 123, (2) apportionment should not apply because claimant was asymptomatic subsequent to the 1977 accident, and (3) the WCLJ erred in any event in apportioning claimant's temporary total disability as of July 31, 1998. In a supplemental application, claimant submitted a copy of a letter and a form issued by the Board on February 15, 1985 acknowledging claimant's request to reopen the 1977 case. Claimant subsequently submitted medical reports dated November 21, 1984 and July 24, 1985 further supporting his claim that a request had been made to reopen his file in February 1985.

Because claimant proffered no excuse for his failure to present the allegedly newly discovered evidence at the WCLJ hearing and pursuant to 12 NYCRR 300.13 (g), the Board exercised its discretion to deny review of claimant's evidence. In addition, the Board denied claimant's appeal concerning the apportionment issue based on claimant's failure to preserve the

---

* Workers Compensation Law § 123 provides in pertinent part: "Nor shall any award of compensation or death benefits be made against the special fund provided in [Workers' Compensation Law § 25-a] or against an employer or an insurance carrier where application therefor is made after a lapse of [18] years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation."

issue for the Board's consideration (*see*, 12 NYCRR 300.13 [e] [iii]). The Board accordingly affirmed the WCLJ's decision. Claimant thereafter made application for reconsideration or full Board review, supported by an affidavit of claimant offering an explanation for his failure to present evidence of the claimed 1985 request to reopen the 1977 case, i.e., that the hearing notice for the July 31, 1998 WCLJ hearing failed to indicate that "the hearing was on for consideration of Section 123" and that he had to contact his ex-wife to locate the relevant papers, which had been moved on several occasions and were intermingled with other records, requiring him to sort through countless boxes of documents. That application was also denied. Claimant appeals.

Initially, we reject the contention that the Board abused its discretion in refusing to accept claimant's proffer of evidence concerning his 1985 request for reopening of the 1977 claim. 12 NYCRR 300.13 (g) is explicit in its requirement that if an application for review "offers new and additional evidence that was not in the record and was not presented to the [WCLJ], it must state reasons showing that such evidence could not have been presented to the [WCLJ]," and it grants the Board specific discretion to "deny review and refuse to consider such new or additional evidence if it finds that such evidence could and should have been presented to the [WCLJ]." In this case, claimant submitted no evidence of his 1985 request to reopen until his appeal of the WCLJ decision and even then proffered no excuse for his failure to present the evidence at the WCLJ hearing. Rather, the first such excuse was presented in connection with claimant's subsequent application for full Board review. Under the circumstances, we perceive no abuse of discretion (*see*, *Matter of Brown v Orange County Home & Infirmary*, 283 AD2d 797, 798; *Matter of Heustis v Teriele*, 193 AD2d 934, 935).

Nor are we persuaded that the Board erred in summarily denying claimant's appeal from the WCLJ's decision with regard to the apportionment issue. We agree with claimant that, because apportionment "was the very issue to be considered before the WCLJ at [the July] 1998 hearing," claimant was not required to formally except to the WCLJ's decision in that regard (*see*, *Matter of Williams v New York State Dept. of Transp.*, 277 AD2d 592). At the same time, having failed to argue or present any evidence to support a finding that he was asymptomatic prior to the 1997 injury and in view of the unanimous medical opinion apportioning at least 25% of his disability to the 1997 case, the Board's conclusion that

claimant failed to preserve that issue for appeal is by no means irrational (see, Matter of Brown v Orange County Home & Infirmary, supra at 798).

The parties' remaining contentions either need not be considered or have been considered and found to be unavailing.

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, without costs.

