In the Matter of the Claim of MARC GREENBERG, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [791 NYS2d 661]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed April 26, 2004, which, inter alia, ruled that claimant was not entitled to prejudgment interest on compensation paid by the employer pursuant to Workers' Compensation Law § 120.

On September 10, 1987, while working for the New York City Transit Authority (hereinafter the employer) as a mechanical maintainer, claimant injured his left knee. He continued to work but stopped when it became necessary for him to have surgery. In June 1989, he returned to the same position, but with restricted duties. In August 1992, he was reclassified to a security position. On July 11, 1994, claimant sustained an employment-related injury to his right knee, resulting in another absence from work, and he was subsequently terminated. Thereafter, claimant filed a discrimination complaint under Workers' Compensation Law § 120 asserting that he had been terminated in retaliation for seeking workers' compensation benefits. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) ruled that the employer had violated Workers' Compensation Law § 120 and ordered that claimant be reinstated to his position. The WCLJ's findings were thereafter affirmed by the Workers' Compensation Board. Subsequently, a hearing was held before a different WCLJ on the issue of damages to be awarded claimant. The WCLJ awarded claimant damages in the sum of $203,174, which apparently included prejudgment interest in the amount of $35,469. The employer appealed this decision, particularly the inclusion of prejudgment interest. In his rebuttal, claimant made a request for additional counsel fees in the sum of $6,575. After a hearing, the Board rescinded that portion of the award granting claimant prejudgment interest and refused to entertain claimant's request for additional counsel fees because it had not been made to the WCLJ. Claimant now appeals.

We affirm. Workers' Compensation Law § 20 (1) provides generally that "all awards of the board shall draw simple interest from [30] days *after the making thereof*" (emphasis added). This is consistent with other provisions of the Workers' Compensation Law and pertinent regulations (*see* Workers' Compensation Law § 24; 12 NYCRR 300.19), as well as prior Board precedent

(*see Matter of Mount Vernon Hosp.*, 95 NY WCLR 1197 [1995]). Consequently, we are unpersuaded by the analogy claimant attempts to draw between the statute at hand and the Human Rights Law in seeking prejudgment interest. Furthermore, we find that the Board did not abuse its discretion in declining to consider claimant's request for additional counsel fees inasmuch as he failed to make such application to the WCLJ (*see* 12 NYCRR 300.13 [e] [1] [iii]; *Matter of Brown v Orange County Home & Infirmary*, 283 AD2d 797, 797 [2001]).

Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.