■ In the Matter of the Claim of Jose Hernandez, Respondent, v Excel Recycling Corporation et al., Appellants. Workers' Compensation Board, Respondent. [820 NYS2d 340]—

Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed April 1, 2005, which, inter alia, denied the State Insurance Fund's application for review.

Claimant filed for workers' compensation benefits after he was injured in August 2003 while working for Excel Recycling Corporation. At a hearing before a Workers' Compensation Law Judge (hereinafter WCLJ), he admitted to buying his Social Security card to obtain work in the United States. Thereafter, the WCLJ established the case for injuries to claimant's back, left leg and left foot, and awarded him benefits. Excel and its workers' compensation carrier, the State Insurance Fund (hereinafter collectively referred to as the carrier), applied to the Workers' Compensation Board for review of the WCLJ's decision, asserting that benefits should not be awarded because claimant is an undocumented alien who is not legally authorized to work in the United States. The Board denied the application on the

ground that the issue was not raised before the WCLJ. The carrier now appeals.

The carrier argues that the federal Immigration Reform and Control Act of 1986 (hereinafter IRCA), as interpreted by the United States Supreme Court in *Hoffman Plastic Compounds, Inc. v NLRB* (535 US 137 [2002]), preempts the Board's policy of disregarding immigration status in determining eligibility for workers' compensation benefits (*see generally Matter of Testa v Sorrento Rest.*, 10 AD2d 133 [1960], *lv denied* 8 NY2d 705 [1960]). The carrier concedes that the issue of IRCA's applicability here was not raised before the WCLJ, but nevertheless maintains that the Board erred in declining to entertain the issue because it presents a question of pure statutory interpretation (*see Matter of Richardson v Fiedler Roofing*, 67 NY2d 246, 251 [1986]). As the Board counters, however, the carrier's argument is fact dependent and turns on its unproven assertion that claimant actually presented his false documents to the employer in violation of IRCA (*see generally Balbuena v IDR Realty LLC*, 6 NY3d 338, 360 [2006]). In any event, it is well settled that a carrier may "waive issues, including its defenses, expressly or by reason of its conduct" (*Matter of Collier v Brightwater Beer & Soda Distrib.*, 147 AD2d 868, 870 [1989], *affd on mem below* 75 NY2d 949 [1990]), and the Board is "not obligated to consider" an issue that was not raised and developed at the hearing before the WCLJ (*Matter of Forte v City & Suburban*, 292 AD2d 738, 739 [2002]; *see* 12 NYCRR 300.13 [e] [1] [iii]; *Matter of Brown v Orange County Home & Infirmary*, 283 AD2d 797, 797 [2001]; *see also Matter of Fina v New York State Olympic Regional Dev. Auth.*, 7 AD3d 939, 940 [2004]). Under these circumstances, we cannot say that the Board abused its discretion in refusing to consider the issue.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.