*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 23, 2015                519309
_____

In the Matter of the Claim of
    APRIL L. HILLMAN,
                        Respondent,

        v

KOHL'S NEW YORK D.C. et al.,                MEMORANDUM AND ORDER
                        Appellants.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____


Calendar Date:   March 26, 2015

Before:  Peters, P.J., Lahtinen, Rose and Devine, JJ.

_____


        Weber, Gallagher, Simpson, Stapleton, Fires & Newby LLP,
New York City (Naveen M. Nadipuram of counsel), for appellants.

        Mark Lewis Schulman, Monticello, for April L. Hillman,
respondent.

        Eric T. Schneiderman, Attorney General, New York City (Iris
A. Steel of counsel), for Workers' Compensation Board,
respondent.

_____


Lahtinen, J.

        Appeal from a decision of the Workers' Compensation Board,
filed October 2, 2013, which ruled, among other things, that
claimant was entitled to workers' compensation benefits at the
temporary total disability rate.

Claimant has an established workers' compensation claim for a neck and shoulder injury that occurred in 2007 and has received benefits at the temporary total disability rate since 2008. A Workers' Compensation Law Judge (hereinafter WCLJ) issued a decision in November 2012 that, among other things, continued benefits at that rate. The WCLJ then issued a decision in May 2013 that continued benefits at the temporary total disability rate, but granted the employer, its workers' compensation carrier and its third-party administrator (hereinafter collectively referred to as the employer) the right to suspend payments if claimant failed to produce current medical evidence. The employer appealed from both the November 2012 and May 2013 decisions, and the Workers' Compensation Board affirmed. The employer now appeals.

With regard to the November 2012 WCLJ decision, the employer sought Board review upon the bases that the medical evidence did not warrant a finding of temporary total disability and that claimant had voluntarily withdrawn from the work force. Because these issues were not raised before the WCLJ, however, the Board did not abuse its discretion in refusing to consider them (see 12 NYCRR 300.13 [e] [1] [iii]; Matter of Forte v City & Suburban, 292 AD2d 738, 739 [2002]). The employer did raise those issues in the leadup to the May 2013 WCLJ decision, arguing that they warranted a rescission of the continuing award of benefits at the temporary total disability rate. The employer accordingly properly presented for review the question of whether benefits should be awarded from May 2013 onward, but the Board found that the appeal from that decision was "moot" because the arguments were identical to the ones it refused to consider in the appeal from the November 2012 decision. Under these circumstances, "the Board failed to engage in its fact-finding role, thereby depriving [the employer] of the opportunity to have the Board consider the merits of an issue that was properly preserved,' [and] its decision must be reversed to allow that review to occur" (Matter of Tucker v Fort Hudson Nursing Home, 65 AD3d 1442, 1443 [2009], quoting Matter of Spector v New York City Bd. of Educ., 292 AD2d 741, 742 [2002]).

Peters, P.J., Rose and Devine, JJ., concur.

ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court