■ In the Matter of the Claim of LEONARD TRICARICO, Respondent, v TOWN OF ISLIP et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [24 NYS3d 796]—

Lynch, J. Appeal from a decision of the Workers' Compensation Board, filed May 16, 2014, which ruled, among other things, that the employer and its workers' compensation carrier were precluded from raising certain issues.

Claimant was employed for 36 years as a maintenance mechanic by the Town of Islip, Suffolk County. He established a workers' compensation claim for injuries to his neck, back, head and right ear that occurred following a motor vehicle accident in 2001, was awarded benefits for compensable lost time and received settlement proceeds from a third-party personal injury action. In 2005, as a result of a second work-related motor vehicle accident, claimant established a workers' compensation claim for injuries to his back and left shoulder, was awarded benefits for approximately nine weeks of compensable lost time and received settlement proceeds from a third-party action. Following a hearing requested by the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) on the issue of classification, a Workers' Compensation Law Judge (hereinafter WCLJ) issued an April 2013 decision finding that claimant had sustained a marked permanent partial disability and awarded him additional benefits, less payments already made by the employer. Upon review, the Workers' Compensation Board affirmed the decision of the WCLJ and noted that any issue with respect to apportionment was not raised before the WCLJ by the employer and, therefore, would not be considered. The employer now appeals.

We affirm. With regard to the April 2013 WCLJ decision, the employer contends that it sought Board review of that decision upon, among other things, the basis of apportionment, an issue that it claims that the WCLJ had notice of, but failed to address, through an independent medical evaluation report obtained by the employer. Although the Board may in its discretion consider and determine any nonnoticed subject at a hearing "if the administration of justice will thereby be substantially served" (12 NYCRR 300.8 [c]; *see Matter of Ickes v Sayville Animal Hosp.*, 40 AD3d 1189, 1189 [2007]), the Board is also permitted to deny review where any of the issues raised in an application for review "were not raised before the [WCLJ]" or developed at the hearing (12 NYCRR 300.13 [e] [1] [iii]; *see Matter of Hillman v Kohl's N.Y. D.C.*, 127 AD3d 1488, 1489 [2015]; *Matter of Hernandez v Excel Recycling Corp.*, 31 AD3d

1091, 1092 [2006]). Here, the record demonstrates that the issue of apportionment was neither raised in the employer's August 2012 request for further action or identified in the notice of hearing, nor raised before the WCLJ at the hearing; rather, the parties focused exclusively upon the classification of claimant's disability. Nor is there any evidence in the record to indicate that the employer requested an opportunity at the hearing to further develop the record with regard to the issue of apportionment (*see Matter of Brown v Orange County Home & Infirmary*, 283 AD2d 797, 798 [2001]; *see also* 12 NYCRR 300.33 [a]). In these circumstances, we find nothing irrational in the Board's conclusion that the employer had failed to raise the apportionment issue before the WCLJ (*see* 12 NYCRR 300.13 [e] [1] [iii]; *Matter of Hillman v Kohl's N.Y. D.C.*, 127 AD3d at 1489; *Matter of Brzezinski v Gambino*, 100 AD3d 1192, 1193 [2012]; *Matter of Hernandez v Excel Recycling Corp.*, 31 AD3d at 1092). Accordingly, the Board did not abuse its discretion in declining to rule upon the apportionment issue.

McCarthy, J.P., Egan Jr. and Devine, JJ., concur. Ordered that the decision is affirmed, without costs.