Matter of Portlette v Manhattan & Bronx Surface Tr. Operating Auth. (2018 NY Slip Op 01980)





Matter of Portlette v Manhattan & Bronx Surface Tr. Operating Auth.


2018 NY Slip Op 01980


Decided on March 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2018

525411

[*1]In the Matter of the Claim of ONESHIA PORTLETTE, Appellant,
v
MANHATTAN & BRONX SURFACE TRANSIT OPERATING AUTHORITY, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: February 15, 2018

Before: Garry, P.J., Devine, Mulvey, Aarons and Pritzker, JJ.


Geoffrey Schotter, New York City, for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for Manhattan & Bronx Surface Transit Operating Authority, respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed October 12, 2016, which ruled, among other things, that claimant did not sustain a causally-related injury and denied her claim for workers' compensation benefits.
Claimant, a bus operator, reported to her employer that she had sustained injuries when another bus backed into the bus in which she was standing, preparing to start her shift for the self-insured employer in the bus depot on February 3, 2015.
Claimant sought medical care and, based upon her account of the incident and reported history, was diagnosed by her treating chiropractor and family medical doctor with, among other problems, causally-related sciatica, lumbar disc displacement, muscle weakness and joint dysfunction, as well as cervical, thoracic and lumbar strain/sprain, lumbar disc protrusion and left shoulder pain. The employer initially accepted the claim and paid workers' compensation benefits, and its consulting chiropractor, Kevin Portnoy, examined claimant and diagnosed her with causally-related lumbar syndrome based upon her self-reported history. However, the employer suspended payments as of July 1, 2015 upon receipt of video recordings of the incident from the bus camera and from subsequent surveillance of claimant's daily activities, which were submitted to the Workers' Compensation Board, reflecting that her account of the incident and [*2]her injuries had been inaccurate. The employer also raised the issue of fraud under Workers' Compensation Law § 114-a. Portnoy reexamined claimant, viewed the videos and issued a report and an addendum that revised his opinion, concluding that she had not sustained a causally-related injury. At the ensuing hearings, claimant testified regarding the incident, explaining that she had sustained injuries while standing, doing paperwork while leaning over the fare box at the front of the bus, and felt a pop and pain in her lower back after the impact, consistent with her initial claim. It was noted that claimant's subsequent July 2015 claim submitted to the Board indicated that she had been "walking and inspecting the bus" when it was hit by another bus, causing her injuries.
After the medical witnesses were deposed, a Workers' Compensation Law Judge (hereinafter WCLJ), crediting the testimony and opinion of Portnoy, found that claimant failed to submit competent medical evidence that her injuries were causally-related to the work incident and disallowed her claim for back, neck and shoulder injuries. The WCLJ further found, based on the video evidence and Portnoy's testimony, that claimant knowingly made false and material representations regarding the accident and her condition thereafter in violation of Workers' Compensation Law § 114-a. The Board affirmed, finding, upon review of the conflicting medical evidence and the video evidence, that the credible evidence supports the conclusion that claimant did not suffer a causally-related injury. The Board further agreed that the video evidence from the bus camera demonstrates that claimant made a material misrepresentation regarding the accident history provided to her employer, treating physicians and the employer's medical consultant. Claimant now appeals.
We affirm. Initially, claimant contends that the Board was precluded from considering the testimony of Portnoy on the ground that the employer never filed a notice of controversy (see Workers' Compensation Law § 25 [2] [b]; Matter of Stevenson v Yellow Roadway Corp., 114 AD3d 1057, 1059 [2014]). The record reflects that, after the claim was filed, the employer paid the claim until July 1, 2015, when it suspended payments after it received video recordings that contradicted claimant's account and reported injuries. Once the video was submitted to the Board, as the WCLJ noted, the employer controverted the claim and raised all available defenses, as well as the issue of fraud. Hearings and depositions were thereafter held on the controverted medical evidence. Claimant never specifically argued that the employer's proof should be precluded due to its failure to timely file a notice of controversy as required by Workers' Compensation Law § 25 (2) (b); therefore, the Board did not abuse its discretion to the extent that it did not order preclusion (see Matter of Hillman v Kohl's N.Y.D.C., 127 AD3d 1488, 1489 [2015])[FN1]. Importantly, if the employer's proof had been precluded, the medical proof on [*3]causation would have been uncontroverted, obviating the need for hearings and depositions on this point.
Moreover, the Board in its decision noted the notice of controversy requirements, but expressly considered and credited the employer's proof — both the videos and Portnoy's opinion — in finding that claimant had not sustained a causally-related injury. Accordingly, we find that the Board necessarily found "good cause" and a reasonable excuse for the employer's failure to file a written notice of controversy, namely, claimant's misrepresentation of the incident and the cause and extent of her injuries, and deliberately determined not to preclude the employer's proof on this ground (see Matter of Cappellino v Baumann & Sons Bus Co., 18 NY3d 890, 892 [2012]; cf. Matter of Stevenson v Yellow Roadway Corp., 114 AD3d at 1059). We discern no error.[FN2]
With regard to claimant's objection to the admission of the video without proper authentication, we note that this claim was not raised in the administrative hearings, and no related objection to the admissibility of this evidence was raised. Consequently, this issue is not preserved for our review (see Matter of Xie v JP Morgan Chase, 150 AD3d 1360, 1362 [2017]; Kropp v Town of Shandaken, 91 AD3d 1087, 1088 n 1 [2012]).
Finally, to establish her claim, claimant had the burden of demonstrating "by competent medical evidence, that a causal connection existed between her injur[ies] and her employment" (Matter of Hansen v Saks Fifth Ave., 145 AD3d 1257, 1257 [2016] [internal quotation marks, brackets and citation omitted]). We find no error in the Board's determination that the video recording of the incident was inconsistent with claimant's testimony, as well as her description of the incident to her treating physicians, who never saw the videos, and to Portnoy, who watched the videos and revised his opinion. As "the resolution of conflicting medical opinions, particularly with regard to the issue of causation, is within the exclusive province of the Board" (Matter of Corina-Chernosky v Dormitory Auth. of State of NY, 157 AD3d 1067, 1070 [2018] [internal quotation marks, brackets and citation omitted]), we find no basis upon which to disturb the Board's determination that claimant failed to provide competent medical evidence of causation and that Portnoy's medical opinion is consistent with the video evidence and, thus, more persuasive. Claimant's remaining arguments, to the extent preserved for our review and not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Devine, Mulvey and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Notably, claimant did not file the transcript of the November 10, 2015 hearing as part of the record on appeal. When the WCLJ inquired at the December 29, 2015 hearing whether the employer had controverted the claim, the employer indicated that it had controverted the claim at the November hearing and had filed a prehearing conference form and a first report of injury form, and expressly stated that it was controverting the claim at that hearing, but apparently did not file a notice of controversy. Claimant did not object or argue that the employer did not sufficiently controvert the claim in a written submission. Further, in a written decision filed November 16, 2015, the WCLJ noted that the employer had raised issues in controversy and ordered the medical witnesses to be deposed. Claimant did not object to proceeding in this manner, at the December hearing or thereafter, or argue that no depositions should be conducted because the employer's witnesses should be precluded.

Footnote 2: While we discern no error in the Board considering and crediting the employer's proof despite its failure to file the notice of controversy, nothing in our decision should be construed as dispensing with the requirement to file a notice of controversy (see Workers' Compensation Law § 25 [2] [b]).