Matter of Panchame v Staples, Inc. (2019 NY Slip Op 08749)





Matter of Panchame v Staples, Inc.


2019 NY Slip Op 08749


Decided on December 5, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 5, 2019

527722

[*1]In the Matter of the Claim of Miriam Panchame, Appellant,
v
Staples, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: October 15, 2019

Before: Lynch, J.P., Clark, Devine and Pritzker, JJ.


Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, New York City (Richard T. Cahill Jr., of counsel), for appellant.
Sullivan Kennan Oliver & Violando, LLP, Albany (Michael D. Violando of counsel), for Staples, Inc. and another, respondents.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.


Devine, J.
Appeal from a decision of the Workers' Compensation Board, filed April 16, 2018, which ruled that claimant failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
Following a work-related accident in 2015, claimant established a workers' compensation claim for injuries to her low back, left shoulder, left knee and left ankle and was awarded benefits. Thereafter, a Workers' Compensation Law Judge (hereinafter WCLJ) issued a reserved decision finding that claimant had a temporary partial disability and awarded further benefits. Upon administrative appeal, the Workers' Compensation Board affirmed that decision. At a subsequent hearing regarding claimant's attachment to the labor market, the WCLJ found, among other things, that claimant, notwithstanding an intervening unrelated serious medical condition, made no reasonable efforts to remain attached to the labor market and suspended benefits. Claimant's counsel filed an RB-89 application for Board review in January 2018. The Board denied claimant's application based upon her failure to comply with 12 NYCRR 300.13 (b) (1), finding that her application was not properly completed because, in response to question number 15, it states only "n/a." Claimant appeals.[FN1]
Claimant asserts that the Board erred in finding that the RB-89 application for review was not filled out completely because there is no legal requirement that an exception be made to an issue actually litigated before a WCLJ. We find claimant's contention to be unavailing. Workers' Compensation Law § 117 (1) authorizes the Board to "adopt reasonable rules consistent with and supplemental to the provisions of [the Workers' Compensation Law]," and further permits the Chair of the Board to "make reasonable regulations consistent with the provisions of [the Workers' Compensation Law]" (see Matter of Luckenbaugh v Glens Falls Hosp., 176 AD3d 1281, 1282 [2019]; Matter of Jones v Human Resources Admin., 174 AD3d 1010, 1011 [2019]). The Board could, and did, rely upon that authority to promulgate the rule that, "[u]nless submitted by an unrepresented claimant, an application to the Board for administrative review of a decision by a [WCLJ] shall be in the format as prescribed by the Chair," and that such application may be denied unless "filled out completely" (12 NYCRR 300.13 [b] [1], [4]; see Matter of Jones v Human Resources Admin., 174 AD3d at 1011-1012; Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1259 [2019]). 12 NYCRR 300.13 (b) (2) (ii) directs that the application for administrative review "shall specify the objection or exception that was interposed to the ruling, and when the objection or exception was interposed," and that information is demanded by question number 15 on the RB-89 form.
Here, claimant responded to that question by stating that it was not applicable and, contrary to her contention, that statement was made on the application for Board review rather than a mere cover sheet for one (see Matter of Jones v Human Resources Admin., 174 AD3d at 1012; Workers' Comp Bd Release Subject No. 046-878). Prior to claimant's application for Board review, the Board consistently held that such a response was unacceptable and would render the application incomplete (see Employer: Long Beach Vaccuum, 2017 WL 8682792, *2, 2017 NY Wkr Comp LEXIS 14426, *3-4 [WCB No. G057 6452, Dec. 26, 2017]; Employer: Affinity Skilled Living, 2017 WL 6349660, *2-3, 2017 NY Wkr Comp LEXIS 13749, *5-6 [WCB No. G107 8485, Dec. 4, 2017]; Employer: St. Lawrence County, 2017 WL 4585535, *1, 2017 NY Wkr Comp LEXIS 12062, *2-3 [WCB No. G158 4164, Oct. 10, 2017]). Were we in the Board's position, we would have exercised the discretion afforded by 12 NYCRR 300.13 (b) (4) to disregard claimant's incomplete application and reach the merits of her administrative appeal. We are not. Inasmuch as the record discloses a rational basis for the Board's denial of the application, we have "no alternative but to" uphold its determination (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; see Matter of McCorry v BOCES of Clinton, Essex, Warren & Washington Counties, 175 AD3d 1754, 1756 [2019]; Matter of Markolovic v MTA Bus Eastchester Depot, 174 AD3d 1271, 1273 [2019]; Matter of Perry v Main Bros Oil Co., 174 AD3d at 1259).
Claimant's further reliance on Matter of Spector v New York City Bd. of Educ. (292 AD2d 741, 741-742 [2002]) and Matter of Brown v Orange County Home & Infirmary (283 AD2d 797, 797-798 [2001]) is misplaced, as the Board did not deny review of claimant's application because she failed to take an exception or object at the hearing to an issue before the WCLJ, but because the application itself was incomplete. Claimant's other contentions, to the extent not addressed above, have been examined and found to lack merit.
Lynch, J.P., Clark and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Claimant died while this appeal was pending and, although the record contains a notice that her widow had retained counsel to prosecute this appeal, it does not contain the requisite order of substitution (see CPLR 1015, 1021). "Although the absence of a proper legal representative ordinarily would leave this Court without jurisdiction to entertain the appeal, the [employer] has not raised this issue and, given that claimant's surviving spouse has actively participated in this proceeding, we deem this jurisdictional impediment to be waived" (Matter of Kondylis v Alatis Interiors Co., Ltd., 116 AD3d 1184, 1185 n [2014] [citations omitted]).