■ In the Matter of the Claim of ALBERT SCHIFFMAN, Respondent, v FUGAZY CONTINENTAL CORP. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed March 31, 1981, as amended by decision filed August 14, 1981, which

reinstated and affirmed the referee's decision holding that an employer-employee relationship had been established, and restored the case to the Trial Calendar for further consideration. Claimant, a limousine driver for Fugazy Continental Corp., suffered an injury while providing chauffeur services and filed a claim for benefits. A referee's finding, made December 10, 1975, that claimant was an employee was thereafter reversed by a three-Judge panel of the board. While claimant's case was being processed, three of the employer's other drivers filed claims for workers' compensation, and other referees and board panels had concluded that an employment relationship was present, and these decisions had been unanimously affirmed (see *Matter of Wittenstein v Fugazy Cont. Corp.*, 59 AD2d 249, mot for lv to app den 43 NY2d 648). By resolution adopted February 20, 1979, claimant's case was thereafter accepted for review by the full 13-member board. On its own motion, the full board rescinded the panel's prior decision, filed July 17, 1976, and referred the case back to a board panel for further consideration. That panel, finding the evidence here to be identical to that presented in *Matter of Wittenstein (supra)*, held that an employment relationship existed. The employer and its insurance carrier challenge the propriety of the full board's action in restoring the matter to a board panel for reconsideration without articulating its reason for doing so. In approving a similar course of action taken by the board, this court has heretofore observed that the board's authority to modify or rescind its prior decisions is "plenary" (*Matter of Parella v Harrod Steel Erection Co.*, 19 AD2d 451, 453). The statute itself explicitly allows the board to exercise this power (Workers' Compensation Law, §§ 123, 142, subd 2). Furthermore, although no new facts were adduced, the board panel's recission of its 1976 decision was manifestly proper for it resolved inconsistent findings by various panels made on the very same facts. The interests of justice would have been ill served had the panel permitted that inconsistency to perpetuate. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Levine, JJ., concur.