■ In the Matter of the Claim of MARY H. SULLIVAN, Appellant, v PAUL SMITH'S COLLEGE OF ARTS AND SCIENCES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [697 NYS2d 188] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed April 8, 1998, which ruled that claimant's decedent did not sustain an accidental injury in the course of his employment and denied her claim for workers' compensation benefits.

Claimant's decedent (her spouse) worked for the employer as its Director of Development and Communications, a position that involved fund-raising and public relations. On April 18, 1996, decedent (age 50) died of heart failure while playing basketball during his lunch break on one of the employer's courts. The factual issue presented in this claim for death benefits to the Workers' Compensation Law Judge (hereinafter WCLJ) and on appeal to the Workers' Compensation Board was whether decedent's employer had sponsored the athletic activity within the meaning of Workers' Compensation Law § 10 (1). By decision dated October 1, 1997 and filed October 27, 1997, the WCLJ determined that decedent had died while participating in an employer-sponsored athletic activity and that the claim was compensable. In a decision dated April 8, 1998, the Board reversed the WCLJ's decision, disallowed the claim and closed the case. In this regard, the record reveals that claimant's attorney identified the widow and two additional witnesses in the prehearing conference statement, dated August 14, 1996; that following the testimony of the employer's former president on April 9, 1997, the WCLJ continued the case to June 25, 1997 for the testimony of claimant's witnesses; that the WCLJ decided the case October 1, 1997, apparently without hearing the testimony of claimant's witnesses; and that claimant protested to the Board that this decision was premature since the record was not fully developed.

Although the ultimate result may be the same, we reverse the present determination. As in *Matter of Angelo v New York State Assn. of Learning Disabled* (221 AD2d 832, 833), since claimant raised and argued the matter at every stage of the

proceedings from the filing of the initial claim through argument before the Board and since the Board reversed the WCLJ on the specific factual issue with respect to which claimant sought to introduce evidence, the determination must be reversed and the matter remitted to permit claimant to develop her position on the record.

Cardona, P. J., Mikoll, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.