■ In the Matter of TRANSCONTINENTAL REFRIGERATED LINES, INC., Appellant, v WORKERS' COMPENSATION BOARD, Respondent. [703 NYS2d 567] —Spain, J. Appeals from two decisions of the Workers' Compensation Board, filed August 27, 1998 and December 14, 1998, which denied the applications of Transcontinental Refrigerated Lines, Inc. for redetermination of penalties imposed pursuant to Workers' Compensation Law § 52 (5).

Transcontinental Refrigerated Lines, Inc. (hereinafter TRL) is a Pennsylvania common carrier which operates throughout the United States, including New York. According to TRL, its

drivers are dispatched, directed and controlled from its sole base of operations in Pennsylvania and it provides workers' compensation insurance coverage in compliance with Pennsylvania law. As a result of an accident in early 1993, one of TRL's drivers, Clarence Edick, filed a claim for workers' compensation insurance benefits in New York. He returned to work but later resigned from TRL in August 1993. Although the 1995 New York claim was initially denied on the ground that Edick had received benefits under Pennsylvania law, the Workers' Compensation Board later concluded that his receipt of benefits in another state did not, by itself, preclude his claim for benefits in New York. The Board determined that, to resolve Edick's claim, the record required further development on certain issues, including New York's jurisdiction. It was not disputed that TRL did not have workers' compensation insurance covering Edick under New York law. A subsequent hearing on Edick's claim resulted in an October 1997 decision in which the Workers' Compensation Law Judge (hereinafter WCLJ) stated, without explanation or elaboration, that TRL was a "covered employer in NY as well as PA". The case was continued, but the Uninsured Employer's Fund was discharged and removed from notice, and TRL apparently agreed to pay that claim. TRL did not appeal that decision.

Thereafter, by notice dated November 4, 1997, TRL was directed to demonstrate its compliance with, *inter alia*, the requirement to secure workers' compensation insurance coverage for its employees pursuant to Workers' Compensation Law § 50. TRL objected to the notice and argued that, based upon the interstate nature of its business and its provision of coverage under Pennsylvania law where it is based, it was not obligated to provide additional coverage under New York law. Concluding that TRL failed to secure required coverage from October 1994 through November 1997, the Board by order dated November 11, 1997 imposed a civil penalty of $27,750 pursuant to Workers' Compensation Law § 52 (5), which it subsequently upwardly revised by order dated December 15, 1997 to reflect TRL's continuing "noncompliance". Notably, no reference was made in any of these notices or orders to any workers' compensation claims or determinations or to any particular employee. The most recent of the revised notices dated September 1, 1998 imposed a penalty of $35,250. TRL's several applications for redetermination were denied without a hearing, resulting in these appeals.

Initially, we note that while TRL was characterized as a "covered" New York employer in the October 1997 Edick deci-

sion, there is nothing in the record to show that that prior decision has any application beyond the employer-employee relationship between TRL and Edick, whose employment with TRL ended prior to the period encompassed by the penalties at issue. Further, the intent underlying—and the basis for—that characterization by the WCLJ are unclear. In addition, the record demonstrates that in imposing the penalties *sub judice*, the Board also relied on investigative reports prepared in connection with other claims.

Turning to TRL's due process argument, there can be little doubt that the imposition of a civil penalty in excess of $35,000 deprived TRL of a property interest. Considering the factors relevant to determining the level of procedural protection required (*see, Mathews v Eldridge*, 424 US 319, 335), and taking into account the fact-specific nature of the jurisdictional issue raised by TRL (*see, Matter of Nashko v Standard Waterproofing Co.*, 4 NY2d 199; *Matter of Linton v North Am. Van Lines*, 26 AD2d 101, *appeal dismissed* 18 NY2d 719), we conclude that TRL is entitled to a hearing. Although TRL was afforded notice of the penalties and an opportunity to respond, the various notices limited TRL's response to the submission of proof that it was in compliance with the Workers' Compensation Law or had no employees during the relevant period. Indeed, other than the hearing on Edick's claim—the scope of which is not clear—TRL has not had the opportunity to litigate the underlying and larger jurisdictional issue of whether and to what extent it is obligated to comply with Workers' Compensation Law § 50.

Notably, while the Board advised TRL by letter dated August 27, 1998 that it was required to maintain a New York specific workers' compensation policy or become self-insured, TRL has never received a hearing on whether currently employed drivers or other employees are considered to be employed in New York and, if so, which ones. That letter merely recited that the WCLJ had already determined that TRL had an employer/ employee relationship with Edick, and that an investigation confirmed two TRL locations within New York. The Board's December 14, 1998 letter adhering to its penalties summarily stated that "[t]he issue of whether TRL was required to provide New York State coverage was decided at the final hearing regarding the compensation claim of * * * Edick * * * filed on 10/7/97". However, in our view, the record on appeal provides absolutely no basis upon which to conclude that the Edick proceeding involved issues beyond Edick's claim, or that the determination therein resolved the issue of TRL's general

compliance with Workers' Compensation Law § 50. TRL is entitled to a hearing on that important issue.

Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the decisions are reversed, on the law, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.