■ In the Matter of the Claim of MARJORIE SMITH, Appellant, v WATERVIEW NURSING HOME et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [786 NYS2d 247]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed January 16, 2003, which ruled that claimant had voluntarily withdrawn from employment and denied her further workers' compensation benefits.

Claimant, a 63-year-old nurse's aide, sustained multiple injuries on February 24, 1999 when she was kicked by a patient. She filed a claim for workers' compensation benefits and a Workers' Compensation Law Judge established her case for work-related injuries to her back, head and neck. Thereafter, she was evaluated by various physicians, including the physician for the

employer's workers' compensation carrier, who opined that claimant could return to work in a light-duty capacity that did not entail lifting more than 20 to 30 pounds or severe bending. On March 17, 2000, she received a letter from her employer offering her a light-duty position. Claimant's daughter contacted the employer and apparently informed the employer that claimant could not work. During further proceedings, the Workers' Compensation Law Judge concluded that, by rejecting the employer's offer, claimant had voluntarily withdrawn from employment and she was denied further benefits. The Workers' Compensation Board agreed, resulting in this appeal.

Initially, we note that "the question of whether a claimant's failure to accept a light-duty assignment constitutes a voluntary withdrawal from the labor market is a factual issue for the Board to resolve and, if supported by substantial evidence, its decision in this regard will not be disturbed" (*Matter of Hatter v New Venture Gear,* 305 AD2d 757, 758 [2003]). However, in order for the Board to conclude that there was a voluntary withdrawal, the claimant must first have been actually offered a light-duty position consistent with his or her medical limitations (*see id.*). Here, although the employer communicated its desire to accommodate claimant by offering her a light-duty position, no evidence was introduced establishing the position to be offered, the requirements and duties of the position or whether it was a position that was suitable for claimant given her physical limitations. Absent such proof, substantial evidence does not support the Board's finding that claimant had voluntarily withdrawn from the labor market (*cf. Matter of Mooring v American Airlines,* 10 AD3d 818 [2004]; *Matter of Testani v Aramark Servs.,* 306 AD2d 709 [2003]).

Mercure, J.P., Spain and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.