■ In the Matter of the Claim of DONALD A. SOOP, Appellant, v BORG WARNER AUTOMOTIVE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [799 NYS2d 673]—

Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed November 18, 2003, which ruled that claimant voluntarily withdrew from the labor market and denied his claim for workers' compensation benefits.

Claimant was employed as an electrician by Borg Warner Automotive. In February 2001, claimant left work upon experiencing pain in his neck and left shoulder. Upon his return to work, claimant was assigned janitorial work because his work as an electrician was too taxing. In March 2001, claimant resumed his work as an electrician but again left work in April 2001 on the advice of his physician. As of May 2001, claimant's physician was of the opinion that claimant was permanently disabled such that he could no longer work as an electrician.

Claimant filed separate claims seeking compensation for his February 2001 and April 2001 work-related injuries. During the proceedings that ensued, claimant's physician testified that claimant was totally disabled with respect to his prior work as an electrician but that he could perform sedentary work. The

evidence further revealed that claimant's employer offered such work, which claimant declined. As a consequence, the Workers' Compensation Law Judge determined that claimant was not entitled to compensation benefits subsequent to April 2001, and the Workers' Compensation Board affirmed that determination, finding that claimant voluntarily withdrew from the labor market. Claimant now appeals.

It is axiomatic that the question of whether a claimant has voluntarily withdrawn from the labor market is a factual issue for the Board to resolve, and its determination must be upheld if supported by substantial evidence (*see Matter of Trank v Consolidated Edison Co. of N.Y., Inc.*, 17 AD3d 801, 801 [2005]). In turn, whether a claimant's failure to accept a light-duty assignment constitutes a voluntary withdrawal from the labor market likewise is a factual issue for the Board, and its determination will be upheld if supported by substantial evidence (*see Matter of Smith v Waterview Nursing Home*, 13 AD3d 744, 745 [2004]).

The record reflects that claimant acknowledged that he was capable of performing light-duty work and that his employer offered him such work, which claimant rejected. Moreover, claimant's own physician testified that claimant was capable of performing sedentary work. Finally, the employer wrote to claimant indicating the availability of sedentary work in the stores area, which involved inputting data and stocking items within claimant's weight restrictions. The letter concluded that the employer was willing to meet any restrictions claimant may have in order to allow him to continue to work. Given that, there can be no doubt that substantial evidence exists supporting the Board's determination. We have considered claimant's remaining contentions and find them equally without merit.

Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.