In the Matter of the Claim of JUANITA BLAIR, Appellant, v QUEENS BOROUGH PUBLIC LIBRARY, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [808 NYS2d 835]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed October 21, 2004, which ruled that claimant voluntarily withdrew from the labor market.

Claimant sustained a work-related injury in August 1999. The employer raised an issue as to whether claimant voluntarily withdrew from the labor market by rejecting the employer's offers of work assignments that would accommodate her disability. Following several fact-finding hearings, a workers' compensation law judge determined that claimant voluntarily withdrew from the labor market. Upon review, the Workers' Compensation Board affirmed, prompting this appeal by claimant.

Whether a claimant has voluntarily withdrawn from the labor market by refusing to accept a light-duty position is a factual issue for the Board to resolve and, so long as its determination is supported by substantial evidence, it will not be disturbed (see Matter of Soop v Borg Warner Automotive, 21 AD3d 668, 669 [2005]; Matter of Smith v Waterview Nursing Home, 13 AD3d 744, 745 [2004]). The Director of Branch Libraries for the employer testified that claimant was offered several positions within her documented medical limitations and she rejected each one of them. Claimant admitted that she had oral and written communications with the employer regarding positions at various branches which were on one level, thus eliminating claimant's difficulty with climbing stairs. Claimant indicated that she would only accept a position at a branch that had no stairs and was close to her home. However, this dual restriction is not supported by the medical evidence. Notably, the Board set forth a detailed account of the evidence in its decision and, like the workers' compensation law judge, ultimately discounted much of the testimony of claimant's treating physician. Relying upon the opinions of the employer's medical consultant, the Board found that claimant had a mild partial disability and was capable of traveling to and working in the light-duty positions offered by the employer.

The Board properly exercised its authority to decide issues of

credibility and to draw reasonable inferences from the evidence presented (*see Matter of Yannucci v Consolidated Freightways*, 6 AD3d 945, 947 [2004]; *Matter of Billings v Dime Sav. Bank of N.Y.*, 236 AD2d 649, 650 [1997]). Accordingly, we find no basis upon which to disturb the Board's decision.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.