■ In the Matter of the Claim of PATRICIA BACCI, Appellant, v STATEN ISLAND UNIVERSITY HOSPITAL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [820 NYS2d 160]—

Cardona, P.J. Appeals (1) from a decision of the Workers' Compensation Board, filed November 3, 2004, which, inter alia, ruled that claimant had voluntarily withdrawn from the labor

market, and (2) from a decision of said Board, filed June 27, 2005, which, inter alia, ruled that claimant had no causally related reduced earnings.

Claimant, a registered nurse, sustained injuries to her back and right knee in March 2002 when she fell on the job. She subsequently had her case established and began receiving workers' compensation benefits. In a decision filed November 3, 2004, the Workers' Compensation Board rescinded the award of benefits, as of December 3, 2002, upon its finding that claimant had refused light-duty work and, thus, had voluntarily withdrawn from the labor market. Noting, however, that claimant had undergone total right knee replacement surgery on May 10, 2004, the Board also restored the case to the trial calendar for production and consideration of additional medical records. A Workers' Compensation Law Judge thereafter awarded claimant workers' compensation benefits commencing on the date of her surgery. In a decision filed June 27, 2005, the Board concluded that, although there was medical evidence of a disability which precluded claimant from working "for a period of time," the disability did not cause any lost wages since she had no wages to lose given her prior voluntary withdrawal from the labor market. Accordingly, the Board rescinded the award of benefits. Claimant now appeals from both of the Board's decisions.

Turning, first, to the Board's November 2004 decision, whether a claimant has voluntarily withdrawn from the labor market by refusing to accept a light-duty position is a factual issue left for resolution by the Board and its determination in that regard will not be disturbed so long as it is supported by substantial evidence in the record (*see Matter of Blair v Queens Borough Pub. Lib.*, 26 AD3d 624, 624 [2006]; *Matter of Soop v Borg Warner Automotive*, 21 AD3d 668, 669 [2005]). The employer's nurse case manager testified that claimant was offered employment within her medical restrictions on numerous occasions, beginning in October 2002, but declined to return to work each time. The various accommodations offered to claimant, including weight-lifting restrictions and limitations on climbing, squatting, pushing and pulling, were specifically designed to comply with the work capacity evaluation of Kenneth Falvo, the orthopedic surgeon who examined claimant at the request of the employer and found that she had only a mild partial disability. The Board was entitled to credit the opinion of Falvo over the contrary opinion given by claimant's treating physician (*see Matter of Testani v Aramark Servs.*, 306 AD2d 709, 709 [2003]; *Matter of Kramer v Ultra Blend Corp.*, 297 AD2d 890, 890 [2002], *lv denied* 99 NY2d 506 [2003]). Inasmuch

as the record contains evidence that claimant refused light-duty assignments consistent with her limitations, the Board's determination that claimant voluntarily withdrew from the labor market is supported by substantial evidence (*see Matter of Blair v Queens Borough Pub. Lib., supra* at 624; *Matter of Testani v Aramark Servs., supra* at 709).

Substantial evidence also supports the Board's June 2005 decision. As previously noted, claimant voluntarily removed herself from the labor market prior to the time of her knee replacement surgery. Thus, the Board properly determined that she had no causally related wages to lose as a consequence of the disability resulting from the surgery (*cf. Matter of Korczyk v City of Albany*, 264 AD2d 908, 910 [1999]).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.