In the Matter of the Claim of STELLA ICKES, Appellant, v SAYVILLE ANIMAL HOSPITAL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [836 NYS2d 310]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed March 29, 2006, which ruled that claimant voluntarily withdrew from the labor market.

Claimant suffered a work-related injury in connection with her employment as a veterinary technician. As a result, the workers' compensation carrier was obligated to pay claimant $106 per week, later reduced to $55 per week. Claimant was thereafter directed to produce a work status affidavit, which she admittedly failed to do, and the carrier subsequently requested a suspension of payments on that basis. At a brief hearing on the suspension application, claimant stated that she had not returned to, or looked for, work, and she testified that returning to work was not yet an option since her doctor was considering performing surgery on her. At that point, the carrier raised for the first time "the issue of voluntary removal from the labor market," to which the Workers' Compensation Law Judge (hereinafter WCLJ) peremptorily responded, "I find no evidence of voluntary removal from the labor market." This constituted the entire record discussion of the issue. The WCLJ thereafter continued the $55 per week payment and closed the hearing. The Workers' Compensation Board modified the WCLJ's decision by rescinding awards made after the date of the suspension hearing, finding that claimant voluntarily removed herself from the labor market.

On this appeal by claimant, we reverse so much of the Board's decision as rescinded her award after the date of the hearing. The carrier's suspension application was premised only upon claimant's failure to file the work status affidavit; thus, claimant attended the hearing without notice that the issue of her voluntary removal from the labor market would be litigated. Although the regulations provide that a nonnoticed subject may be considered and determined at any hearing, that may be done only "if the administration of justice will thereby be substantially served" (12 NYCRR 300.8 [c]) and the hearing is conducted in such a manner as "to ascertain the substantial

rights of the parties" (12 NYCRR 300.9). In this case, claimant was afforded no opportunity to be heard on the issue of voluntary removal or even to ask for an adjournment for that purpose, since the WCLJ promptly rejected that argument by the carrier and closed the hearing (*see Matter of Hecht v Monaghan*, 307 NY 461, 470 [1954]). Since the Board decided this issue against claimant under these circumstances, the matter must be remitted to permit the parties to develop their positions on the record (*see Matter of Emanatian v Saratoga Springs Cent. School Dist.*, 8 AD3d 773, 774 [2004]; *Matter of Sullivan v Smith's Coll. of Arts & Sciences*, 265 AD2d 767, 767-768 [1999]; *Matter of Angelo v New York State Assn. of Learning Disabled*, 221 AD2d 832, 833 [1995]).

Mercure, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as rescinded claimant's workers' compensation benefits after September 30, 2005; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.