■ In the Matter of the Claim of ALLAN WILTSIE, Appellant, v OWENS CORNING FIBERGLASS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [840 NYS2d 493]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed June 30, 2005, which, inter alia, ruled that claimant left his employment for reasons unrelated to his work-related disability.

Claimant suffered a compensable low back injury in October 1995. Following treatment, claimant continued working for the employer, but his back problems persisted resulting in work restrictions and his eventual designation and accommodations under the Americans with Disabilities Act of 1990 (hereinafter ADA). Beginning in 2002, claimant was permitted to work 12-hour shifts on a schedule of three days on and three days off, but, in May 2003, the employer notified him of its decision to place him on his former five-day per week shift with fewer hours per day. Experiencing stress related to the employer's decision to change his shift, claimant sought medical attention. His primary physician diagnosed him with chest pain syndrome, agoraphobia and depression and took him out of work and prescribed medication and therapy. As of a year later, at the time of claimant's testimony in a separate workers' compensation proceeding based on an independent claim for benefits related to the stress that he suffered as the result of the employer's decision to change his shift, he had not been cleared by his primary physician to return to work.*

On May 29, 2003, claimant requested a hearing before a Workers' Compensation Law Judge (hereinafter WCLJ) citing his back condition, and he was initially awarded benefits for the May 16, 2003 to June 16, 2003 period. Further fact finding was conducted with respect to, among other things, an award for the period after June 16, 2003. In a reserved decision and an amended reserved decision, the WCLJ found that claimant suffered from a marked disability due to his earlier back injury and continued the case for a determination of proper awards. The employer appealed and the Workers' Compensation Board, cit-

* The separate stress claim apparently was disallowed prior to the Workers' Compensation Board's decision in this case.

ing claimant's testimony in his stress-related claim proceeding, determined that claimant had a moderate permanent partial disability due to his prior low back injury—a determination that is not disputed on this appeal—but, finding that he left work for reasons unrelated to his back disability, denied him benefits after June 16, 2003. Claimant now appeals.

The issue of whether or not claimant's disability caused or contributed to time lost from work is a factual determination to be made by the Board and will be upheld if it is supported by substantial evidence (*see Matter of Bacci v Staten Is. Univ. Hosp.*, 32 AD3d 582, 584 [2006]). As this Court recently confirmed, "the Board is vested with the authority to decide issues of credibility and to resolve the question of whether claimant was indeed capable of performing work within the limits of [his] medically determined limitations" (*Matter of Laing v Maryhaven Ctr. of Hope*, 39 AD3d 1125, 1126 [2007]; *see Matter of Blair v Queens Borough Pub. Lib.*, 26 AD3d 624, 624-625 [2006]; *Matter of Myers v Eldor Contr. Co.*, 270 AD2d 671, 672 [2000]). While the record here includes evidence that claimant disputed his employer's decision to change his shift because he believed his partial back disability would prevent him from working the five-day shift, other evidence exists indicating that this belief was unfounded and that he left work solely due to the stress of this dispute.

Claimant admitted that he was not told what work he would be doing on the five-day shift, but merely assumed it would be the same as before his ADA placement one year earlier, which imposed restrictions on the type and duration of his work tasks. The record, however, shows that the ADA placement and restrictions in effect on the three-day shift would still have been in effect on the five-day shift. Further, the opinion of claimant's chiropractor that claimant was unable to work, even with restrictions, was not rendered until 10 months after the dispute arose. The Board did not credit this opinion, noting that claimant's chiropractor had not changed claimant's restrictions or taken him out of work despite seeing him in the weeks immediately before and after he left his employment.

Notably, claimant's own testimony in the separate workers' compensation proceeding indicates that the debilitating conditions causing him to leave work after disputing the shift change were stress, headache, problems breathing, chest pains and depression. Claimant further testified that he had consulted his primary physician, who recommended that he stay out of work based upon diagnoses of chest pain syndrome, agoraphobia and depression rather than any direct result of his back disability.

As the Board noted, claimant left his employment for these stress-related reasons, yet they were found not to be disabling in the separate proceeding.

Given the Board's discretion to decide how much of claimant's testimony to credit and which medical evidence to accept in assessing his physical capabilities at the time in question, it cannot be said that no credible evidence supports the Board's determination (*see Matter of Gross v BJ's Wholesale Club*, 29 AD3d 1051, 1052-1053 [2006]). Accordingly, the Board's decision should be affirmed.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.