■ In the Matter of the Claim of OGINA HAILOO, Appellant, v STATE INSURANCE FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [846 NYS2d 720]—

Lahtinen, J. Appeals from three decisions of the Workers' Compensation Board, filed January 10, 2006, October 17, 2006 and October 25, 2006, which, among other things, ruled that claimant had violated Workers' Compensation Law § 114-a and she voluntarily withdrew from the labor market.

Claimant is a self-insured dentist who allegedly was unable to continue her profession because of bilateral carpal tunnel syndrome. The Workers' Compensation Board found a causally related injury, and she was eventually awarded benefits at the weekly rate of $400 from December 2002 through April 2004. At a hearing held on February 28, 2005, claimant was asked whether her license to practice dentistry was current and valid, and she responded, "Yes." At that time, claimant's award was brought up to date and the carrier was directed to continue payments at the weekly rate of $400. On March 2, 2005, claimant's counsel sent the first of several letters informing the Board and the State Insurance Fund that claimant contacted him on March 1, 2005 to correct her statement because her license had, in fact, been suspended on March 4, 2004 for a period of 18 months. Claimant's counsel suggested a hearing to clarify the situation. The Fund requested that the decision be rescinded and the matter restored to the calendar for development of the record on the issues of reduced earnings for the period that claimant's license was suspended and a Workers' Compensation Law § 114-a determination.

Without further proceedings, the Board rendered a written decision finding that claimant had violated Workers' Compensation Law § 114-a by knowingly making a false statement of a material fact for the purpose of obtaining compensation. The Board assessed a mandatory penalty of $1,200, which represented the amount of benefits paid to claimant following the February 2005 hearing, and a discretionary penalty of permanent disqualification from future wage replacement benefits. In ensuing amended and second amended decisions, the Board further determined that claimant was not attached to the labor market from the commencement of her period of purported disability in December 2002 through the February 2005 hearing. Claimant appeals.

Claimant contends that she should have been afforded an opportunity to be heard before the Board made findings that she had violated Workers' Compensation Law § 114-a and had voluntarily removed herself from the labor market. While the Board is afforded latitude in the scope of issues it considers on

appeal (*see Matter of Ickes v Sayville Animal Hosp.*, 40 AD3d 1189, 1189-1190 [2007]; *Matter of Dishaw v Midas Serv. Experts*, 27 AD3d 921, 921 [2006]), the procedures it employs must nevertheless comply with basic elements of due process (*see Matter of Ickes v Sayville Animal Hosp.*, 40 AD3d at 1190; *Matter of Transcontinental Refrigerated Lines v Workers' Compensation Bd.*, 269 AD2d 714, 716 [2000]; *see also Mathews v Eldridge*, 424 US 319, 335 [1976]; *Matter of Harner v County of Tioga*, 5 NY3d 136, 140 [2005]).

Here, a significant penalty has been imposed for the finding of a violation of Workers' Compensation Law § 114-a. The disclosure of the inaccurate testimony was made expeditiously by claimant following the hearing and, once the error was revealed, both parties requested a hearing to develop the record regarding that issue. Affording an opportunity to claimant to explain the error would not be administratively burdensome and, in light of the prevailing circumstances, could have probative value. We find that summarily ruling on the issue of a Workers' Compensation Law § 114-a violation with no opportunity to develop the record was error in this case.

Similarly, it was error to decide that claimant voluntarily withdrew from the work force as of December 2002 when the issue presented was whether the lost wages award should be rescinded for the period when claimant was suspended from practicing dentistry. While the Board had authority to raise the issue regarding voluntary withdrawal as of December 2002 (*see* Workers' Compensation Law § 123; *Matter of Schiffman v Fugazy Cont. Corp.*, 89 AD2d 653, 654 [1982]), claimant was entitled to notice and an opportunity to be heard (*see Matter of Novara v Cantor Fitzgerald, LP*, 20 AD3d 103, 108 [2005], *lv denied* 5 NY3d 710 [2005]; *cf. Matter of Parella v Harrod Steel Erection Co.*, 19 AD2d 451, 454 [1963], *lv denied* 13 NY2d 600 [1964]).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the decisions are reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.