Cardona, EJ.
Appeal from a decision of the Workers’ Compensation Board, filed July 27, 2007, which ruled that claimant voluntarily withdrew from the labor market.
After claimant was diagnosed with work-related injuries to his wrists, neck and shoulder, the employer voluntarily paid workers’ compensation benefits until July 2003, when it sought to suspend further payments based upon claimant’s voluntary withdrawal from the labor market. A Workers’ Compensation Law Judge subsequently determined that, as claimant had refused the employer’s offer of light-duty work and failed to otherwise demonstrate an attachment to the labor market, he had voluntarily withdrawn from the labor market. The Workers’ Compensation Board upheld the decision, and claimant appeals.
Whether a claimant has voluntarily withdrawn from the labor market by failing to accept a light-duty assignment is a factual determination to be made by the Board, which will not be disturbed if supported by substantial evidence (see Matter of Bacci v Staten Is. Univ. Hosp., 32 AD3d 582, 583 [2006]; Matter of Blair v Queens Borough Pub. Lib., 26 AD3d 624, 624 [2006]). Here, the record establishes that claimant’s treating orthopedic surgeon, Richard Zogby, consistently found claimant to be permanently partially disabled and imposed work restrictions upon him that included no work above shoulder level, no repetitive use of his arms or hands between the waist and shoulder level, and no lifting over 20 pounds. In June 2003, claimant refused the employer’s offer to return to work as a GF12 auditor, a position that would involve making visual inspections at the end of an assembly line and marking a checklist on a clipboard, functions that claimant could perform either sitting or standing. Because the record supports the Board’s conclusion that this light-duty assignment was consistent with claimant’s limitations, we will not disturb the Board’s determination that claimant’s refusal constituted voluntary withdrawal from the labor market.
*932 Finally, the Board was not obligated to consider the issue of claimant’s involuntary retirement, as claimant did not raise or develop that argument before the Workers’ Compensation Law Judge (see 12 NYCRR 300.13 [e] [1] [iii]; Matter of Hernandez v Excel Recycling Corp., 31 AD3d 1091, 1092 [2006]).
Carpinello, Rose, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.