In the Matter of the Claim of NOREEN DONOVAN, Appellant, v BOCES ROCKLAND COUNTY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [880 NYS2d 783]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed February 8, 2007, which, among other things, rescinded a prior finding of a causally related left shoulder injury.

Claimant, a speech therapist who worked with special needs children, filed a claim for workers' compensation benefits asserting that she sustained a right shoulder injury in May 2001 when a student grabbed her. An MRI of her right shoulder revealed a rotator cuff tear, which was surgically repaired in June 2001. At a follow-up visit in January 2002, her surgeon noted for the first time that she had "weakness and impingement symptoms in the left shoulder." She was released to return to work in April 2002, but remained at her job less than a week. Thereafter, she continued to seek medical care for both shoulders and had surgery on the left shoulder in early October 2003. She was also being treated for anxiety and depression, which her psychologist opined was causally related to the May 2001 incident. Her claim was eventually amended in March 2004 and May 2004 to include, respectively, adjustment disorder with anxious and depressed mood and a left shoulder injury.

Both before and after the 2004 amendments, various hearings were conducted that included, among other things, claimant's testimony and the viewing of a surveillance videotape of claimant, as well as depositions and reports of several physicians and psychologists. In June 2006, a Workers' Compensation Law Judge (hereinafter WCLJ) rendered a detailed determination that rejected the claim of a causally related psychological condition, found that the credible medical evidence established that the left shoulder surgery was necessary, and concluded that claimant voluntarily withdrew from the labor market on April 24, 2002. Awards included, among others, lost wages for 24.6 weeks as a consequence of the October 2003 surgery on the left shoulder.

The parties appealed to the Workers' Compensation Board. The employer and its third-party administrator, Wright Risk Management Company, Inc. (hereinafter collectively referred to as the employer), sought review of the lost wages award related to the left shoulder, arguing that such award was not proper in light of the determination that claimant had voluntarily withdrawn from the labor market before the surgery. Claimant asserted several issues, including that she had not voluntarily withdrawn from the labor market and that she should be classified as having a permanent total disability. After discussing at some length its review of the record, the Board stated that it was exercising its discretion pursuant to Workers' Compensation Law § 123 and reversing the determination of a causally related injury to claimant's left shoulder. It did so "without prejudice to the claimant producing contemporaneous medical evidence to document that such an injury actually occurred."

The award for lost wages related to the left shoulder necessarily fell with such determination. The Board affirmed the WCLJ's determination that claimant had voluntarily withdrawn from the labor market in April 2002. Claimant appeals.

We consider first claimant's argument that the Board erred in finding that she lacked credibility. "Upon our review of a Board decision, we will not disturb such if it is supported by substantial evidence, despite the existence of evidence that may have supported a different result" (*Matter of Guifarro v Zalman, Reiss & Assoc.*, 52 AD3d 1126, 1127 [2008] [citations omitted]). "The Board is vested with the discretion to weigh conflicting evidence and evaluate the credibility of witnesses, and its resolution of such matters must be accorded great deference" (*Matter of Papadakis v Volmar Constr., Inc.*, 17 AD3d 874, 875 [2005] [citations omitted]). Here, the Board pointed out a pattern of exaggerations by claimant, noted that her description of the underlying encounter with a student lacked consistency and escalated in magnitude over time, and found her testimony regarding her physical limitations considerably belied by the surveillance videotape. These determinations find sufficient support in the record and, thus, the Board's assessment of claimant's credibility will not be disturbed.

Claimant asserts that she was prejudiced by the Board's suggestion that she may have also filed a claim with the New Jersey Department of Labor. The Board observed, near the end of its lengthy decision, that claimant "apparently" filed a claim with the New Jersey Department of Labor and that she was entitled to do so since she resides in New Jersey, but that she would not be entitled to full benefits from both states. Since the record contains documents pertaining to claimant from the Division of Disability Determination Services of New Jersey's Department of Labor, the Board's general observation is not without record support. Although claimant explains that this paperwork was related to her separate application for Social Security disability benefits, the issue is of no consequence to the current appeal because the Board did not set forth any conclusions or inferences in its decision from this observation and, thus, to the extent the observation could be construed a misstatement of fact, it would be immaterial under the circumstances of this claim (*see Matter of Bugaj v Great Am. Transp., Inc.*, 20 AD3d 612, 614 [2005]; *Matter of Schultz v Voltro Distribs.*, 92 AD2d 990, 991 [1983]; *see also Matter of Pfeffer v Parkside Caterers*, 42 NY2d 59, 63 [1977]).

We next consider whether the Board erred in determining that claimant withdrew from the labor market in April 2002.

This is a factual issue for the Board which, if supported by substantial evidence, we will not disturb (*see Matter of Mills v J.C. Penney*, 59 AD3d 755, 756 [2009]; *Matter of Baumgarten v New York State Banking Dept.*, 279 AD2d 741, 741 [2001]). Various evidence in the record, including the opinions of the employer's independent medical examiner as well as claimant's own surgeon, support the conclusion that she could have returned to work by April 2002 and she voluntarily withdrew from the labor market at that time. It was within the Board's discretion to credit such proof and to not credit contrary evidence.

Finally, we address claimant's argument that she was deprived of an opportunity to be heard as to the Board's decision to rescind the finding of a causally related left shoulder injury. The effect of the Board's decision was to reverse the WCLJ's award of 24.6 weeks of benefits resulting from the October 2003 left shoulder surgery. That award had been challenged by the employer on appeal to the Board, albeit on the separate ground that claimant's earlier voluntary withdrawal from the labor market provided a basis for denying the award (*see Matter of Bacci v Staten Is. Univ. Hosp.*, 32 AD3d 582, 584 [2006]). This was not a situation where a significant penalty was being imposed prior to an opportunity to be heard (*see Matter of Hailoo v State Ins. Fund*, 45 AD3d 1200, 1202 [2007]; *Matter of Transcontinental Refrigerated Lines v Workers' Compensation Bd.*, 269 AD2d 714, 716 [2000]), and "it is well settled that [t]he [B]oard's broad jurisdiction includes the power, on its own motion or on application, to modify or rescind a [WCLJ's] decision . . . and . . . its continuing jurisdiction embraces the power of modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just" (*Matter of Ronda v Edenwald Contr.*, 216 AD2d 741, 741 [1995] [internal quotation marks and citations omitted]; *see Matter of Dishaw v Midas Serv. Experts*, 27 AD3d 921, 921 [2006]; *Matter of McNeil v Geary*, 105 AD2d 539, 540-541 [1984]).

Here, there was evidence in the record regarding claimant's left shoulder and there was a challenge before the Board regarding the award related to that shoulder. We conclude that the Board acted within its broad power in rescinding the finding of a causally related left shoulder injury. Moreover, the Board specifically provided that its determination was "without prejudice" to claimant producing contemporaneous medical evidence supporting a causally related left shoulder injury. We note that such evidence could be addressed to consequential or direct

injury and, in the event such proof is produced and found persuasive, the employer's argument about voluntarily withdrawal from the labor market before the second surgery remains to be addressed by the Board (*see Matter of Bacci v Staten Is. Univ. Hosp.*, 32 AD3d at 584).

Spain, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.