In the Matter of the Claim of Judith Warner, Respondent, v Franklinville Central Schools et al., Appellants, and Special Disability Fund, Respondent. Workers' Compensation Board, Respondent. [930 NYS2d 95]—

Kavanagh, J.

Claimant sustained a back injury in March 2000, resulting in the receipt of workers' compensation benefits. In April 2004, a Workers' Compensation Law Judge (hereinafter WCLJ) ruled

that the employer's workers' compensation carrier could seek reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) (d). Thereafter, claimant was classified with a permanent partial disability. After the Special Fund refused reimbursement of the claim, alleging that a timely application had not been filed, the carrier requested a hearing. At the hearing in August 2009, the carrier submitted two claim forms dated July 27, 2007—one requesting reimbursement for medical expenses from March 18, 2005 to July 27, 2007 and the other requesting reimbursement for benefits paid between November 4, 2004 and July 27, 2007—along with an affidavit detailing the carrier's practice of filing such forms. At a subsequent hearing in September 2009, the WCLJ found the carrier's proof to be sufficient and its request for reimbursement to be timely. However, the Workers' Compensation Board reversed, finding the affidavit insufficient to show that the reimbursement requests were timely, as the affiant did not have personal knowledge about the form in relation to this claim. The employer and its carrier now appeal.

We reverse. After it was concluded that the affidavit submitted by the carrier was insufficient, the carrier should have been given an opportunity to further develop the record. During the September 2009 hearing, the Special Fund requested testimony from the carrier's employee who was alleged to have actually mailed the reimbursement forms. However, because the WCLJ found that the affidavit submitted by the carrier was sufficient, no further testimony from the carrier's employees was required. Significantly, in reversing the WCLJ's decision, the Board noted that neither the claims examiner who allegedly sent the forms nor her supervisor submitted documentation or testified. Because the carrier has not been given an opportunity to offer such testimony, and the Board reversed based upon the specific factual issue that the testimony was intended to address, we find that the matter must be remitted for further development of the record (*see Matter of Ickes v Sayville Animal Hosp.*, 40 AD3d 1189, 1189-1190 [2007]; *Matter of Sullivan v Smith's Coll. of Arts & Sciences*, 265 AD2d 767, 767-768 [1999]; *Matter of Angelo v New York State Assn. of Learning Disabled*, 221 AD2d 832, 832-833 [1995]).

Rose, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.