Matter of Busat v Ramapo Manor Nursing Ctr. (2018 NY Slip Op 04058)





Matter of Busat v Ramapo Manor Nursing Ctr.


2018 NY Slip Op 04058


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

525358

[*1]In the Matter of the Claim of GAMER BUSAT, Appellant,
v
RAMAPO MANOR NURSING CENTER, Respondent, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 4, 2018

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


David Sanua, New York City, for appellant.
Steven M. Licht, Special Funds Conservation Committee, New York City (Jill B. Singer of counsel), for Special Fund for Reopened Cases, respondent.


Lynch, J.

MEMORANDUM AND ORDER
Appeals (1) from a decision of the Workers' Compensation Board, filed October 21, 2016, which ruled, among other things, that claimant left his employment for reasons unrelated to his work-related disability, and (2) from a decision of said Board, filed January 9, 2017, which denied claimant's application for
reconsideration and/or full Board review.
Claimant, a food service worker, suffered work-related injuries to his back, neck and right shoulder in 1997 and was awarded workers' compensation benefits. He received various additional awards through 2009 but continued working. In January 2014, claimant resumed treatment for the right shoulder and was determined to have a 50% temporary disability with light-duty work restrictions. In mid-September 2014, claimant began a one-month vacation and was scheduled to return to work on October 12, 2014. During that period, claimant was scheduled to have causally-related right shoulder surgery; instead, he underwent an unrelated [*2]cardiac stent procedure on October 10, 2014. Claimant recovered from the cardiac procedure by October 24, 2014, but did not return to work. Subsequently, claimant sought additional awards for the lost time based upon the November 19, 2014 medical report of Jonathan Gordon, a treating physician, who determined that claimant was now 100% disabled with regard to his right shoulder.
Following a hearing, a Workers' Compensation Law Judge found that attachment to the labor market was not at issue and issued an award at a partial rate to November 19, 2014, and thereafter at a total rate through December 4, 2015. The Workers' Compensation Board modified the decision of the Workers' Compensation Law Judge and ruled that claimant's departure from employment was not causally-related to his established medical disability and that he had not remained attached to the labor market. Claimant's request for reconsideration and/or full Board review was denied. These appeals ensued.
Whether a claimant's disability caused time lost from work is a factual determination for the Board that will be upheld if supported by substantial evidence (see Matter of Wiltsie v Owens Corning Fiberglass, 43 AD3d 577, 578 [2007]). The Board identified the issues as twofold — whether claimant was entitled to awards after October 24, 2014, when his cardiac surgeon indicated he had fully recovered from the surgery, and whether claimant thereafter showed an attachment to the labor market. The Board concluded that claimant did not have the right shoulder surgery "even after being able to do so as advanced by his treating physician." Correspondingly, the Board found that claimant was obligated to show an attachment to the labor market and failed to do so.
The Board's reasoning is contradicted by the record medical evidence. There is no dispute that claimant had recovered from the cardiac procedure by October 24, 2014. The Board erred, however, in concluding that claimant was then cleared for right shoulder surgery by his treating physician. To the contrary, the consistent medical evidence showed that claimant was unable to gain medical clearance for the shoulder surgery due to the medications that he continued to take for his heart condition. Nor was he able to receive epidurals for pain or anti-inflammatory medication. The Board noted Gordon's assessment, but not the report by physician Stephen Andrus on October 16, 2015 that claimant remained totally disabled. We also take note that, in November 2014, the employer had been provided with a disability report from Andrus stating that claimant was totally disabled as of October 15, 2014. Consistently, in his April 30, 2015 progress report, physician Michael Cushner explained that claimant was still awaiting clearance for the shoulder surgery. Given the factually incorrect basis for the Board's decision, the matter must be remitted to the Board for a decision based upon all the relevant evidence in the record (see Matter of Evans v Jewish Home & Hosp., 1 AD3d 736, 737-738 [2003], lv dismissed 2 NY3d 823 [2004]).
Garry, P.J., Egan Jr., Mulvey and Rumsey, JJ., concur.
ORDERED that the decisions are reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.