Matter of Kelsey v Dean Transp. (2023 NY Slip Op 05016)

Matter of Kelsey v Dean Transp.

2023 NY Slip Op 05016

Decided on October 5, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 5, 2023

CV-22-1987
[*1]In the Matter of the Claim of Jeffery Kelsey, Respondent,
v
Dean Transportation et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:September 13, 2023

Before:Garry, P.J., Egan Jr., Aarons, McShan and Mackey, JJ.

Gitto & Niefer, LLP, Binghamton (Jason M. Carlton of counsel), for appellants.
Hinman, Howard & Kattell, LLP, Elmira (Matthew C. Gagliardo of counsel), for Jeffery Kelsey, respondent.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

Mackey, J.
Appeal from a decision of the Workers' Compensation Board, filed July 18, 2022, which, among other things, ruled that claimant was entitled to temporary total disability benefits.
Claimant has a complex and protracted history of multiple work-related hernias, particularly with regard to his abdominal hernia condition. As a result of work-related accidents in 2002 and 2004, claimant established two separate workers' compensation claims both involving abdominal hernias. The instant claim stems from a 2011 work-related accident and was initially established for injury to claimant's right wrist,[FN1] but was subsequently amended in 2016 to include an abdominal hernia condition — without prejudice to apportionment in connection with other workers' compensation claims. In 2021, the claim was further amended to include consequential bowel obstruction, for which claimant was hospitalized on numerous occasions. Due to an October 2016 work-related accident, claimant also established a workers' compensation claim for a left inguinal hernia.
In April 2017, claimant underwent left inguinal hernia repair surgery in relation to the 2016 work-related accident and was cleared by his surgeon to return to work with restrictions on August 14, 2017. On August 9, 2017, however, claimant was seen by Michael Lax, an occupational medicine physician, who opined that claimant was temporarily totally disabled from returning to work due to the recurrence of an abdominal hernia. Following additional medical treatment, including admission to the hospital for small bowel obstruction, claimant underwent his fourth recurrent abdominal hernia repair surgery in April 2018, which was performed by a surgeon at the Cleveland Clinic. Shortly after his discharge, claimant was again hospitalized for small bowel obstruction.
In 2018, claimant's initial request to amend the 2011 claim to include consequential bowel obstruction was denied upon a finding that the medical opinion of Lax with regard to causal relationship was deemed conclusory and, therefore, not credible because, among other things, Lax is not a hernia or bowel obstruction specialist and did not examine claimant during his hospital stays. Thereafter, on June 21, 2019, claimant filed a request for further action in connection with the 2011 claim, seeking, among other things, to reinstate awards for lost time commencing August 14, 2017 and continuing at a total disability rate. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) opposed the request, asserting laches and claimant's lack of attachment to the labor market.
Following various hearings, depositions and submission of additional and updated medical evidence, a Workers' Compensation Law Judge (hereinafter WCLJ), in a decision filed March 18, 2021, amended the 2011 claim to include consequential bowel obstruction. The WCLJ specifically noted that, given the additional supporting medical opinions in connection with the [*2]instant claim as well as the other hernia-related claims, Lax's opinions regarding claimant's causally-related disability were viewed in a different light and offer support for awards. The matter was continued for claimant's testimony concerning entitlement to temporary disability benefits.
Following claimant's testimony, a WCLJ ruled that any entitlement to awards prior to June 21, 2019 — the date upon which claimant submitted a request for further action — was barred by laches. The WCLJ further found that the medical evidence established that claimant was temporarily totally disabled and therefore was not required to establish labor market attachment, and made awards for compensable lost time from June 21, 2019 and continuing — subject to apportionment. In a decision filed July 18, 2021, the Workers' Compensation Board, noting that there was no prior finding of voluntary removal from the labor market and finding that the medical evidence established an overall total disability causally-related to the work injuries for the period in question, affirmed the WCLJ's decision. The carrier appeals.
The carrier contends that the Board failed to adhere to this Court's decision in Matter of Bacci v Staten Is. Univ. Hosp. (32 AD3d 582 [3d Dept 2006]) in awarding benefits to claimant at the total disability rate without requiring him to show attachment to the labor market. We disagree. "Whether a claimant has voluntarily withdrawn from the labor market is a factual issue for the Board to resolve and, if supported by substantial evidence in the record, the Board's resolution of that issue will not be disturbed" (Matter of O'Rourke v Consolidated Edison Co. of N.Y., 77 AD3d 1031, 1031-1032 [3d Dept 2010] [internal quotation marks and citations omitted]). Withdrawal from the labor market "is involuntary when the claimant's disability caused or contributed to the [withdrawal]" (Matter of Schirizzo v Citibank NA-Banking, 128 AD3d 1293, 1294 [3d Dept 2015]; see Matter of Lombardo v Otsego County Empls., 125 AD3d 1079, 1080 [3d Dept 2015]).
As noted by the Board, there has not been a finding that claimant voluntarily withdrew from the labor market. Rather, implicit in the Board's finding that claimant has an overall total disability related to his injuries is that claimant's withdrawal from the labor market was involuntary. In reaching its determination, the Board reviewed claimant's medical records and noted the continuous and consistent medical opinion offered by Lax that claimant was totally disabled as a result of the abdominal hernia and small bowel obstructions. Although Lax's opinion initially was found to be insufficient and not credible to support an amendment to the 2011 claim to include consequential bowel obstruction, once the claim was amended in 2021 to include consequential bowel obstruction, it was specifically noted that Lax's medical opinion — which was supported by other subsequently submitted medical opinions — was viewed in a different light [*3]and deemed credible. Further, we find no support for the carrier's contention that claimant improperly consulted with Lax only in order to establish a total disability, which the carrier labels as "doctor shopping." Despite the fact that Lax was not a surgeon nor did he attend to claimant during his hospitalizations, the record reflects that claimant has been continually examined by Lax since 2016. Absent a finding of voluntary withdrawal, the carrier's reliance on Matter of Bacci is misplaced (see generally Matter of Poulard v Southside Hosp., 177 AD3d 1234, 1236 [3d Dept 2019]). Further, upon our review of the record, the Board's decision finding that claimant is entitled to awards for the period at issue is supported by substantial evidence (see Matter of Tomaine v City of Poughkeepsie Police, 178 AD3d 1256, 1258 [3d Dept 2019]).
Garry, P.J., Egan Jr., Aarons and McShan, JJ., concur.
ORDERED that the decision is affirmed, with costs to claimant.

Footnotes

Footnote 1: Claimant was awarded a 25% schedule loss of use of his right hand.